UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X

KDH CONSULTING GROUP LLC,

      Plaintiff,

-against-                                                                    20 civ.3274 (VM)

ITERATIVE CAPITAL MANAGEMENT L.P.
Et al.,
                                                                  USDC SDNY
      Defendants.                                DOCUMENT
                                                                     ELECTRONICALLY FILED
                                                                     DOC# _____
―――――――――――――――――――――――――X     DATE FILED: 4/27/2020

ORDER TEMPORARILY GRANTING LETTER MOTION TO SEAL, WITH
INSTRUCTIONS FOR PROVIDING FURTHER INFORMATION TO THE
PRESIDING JUDGE FOR HIS CONSIDERATION BY MAY 6, 2020

McMahon, C.J.:

      This newly-filed matter was wheeled out to The Hon Victor Marrero, who is not at the courthouse today. I have, therefore, been asked to consider whether to grant a letter motion asking permission to file certain TRO exhibits under seal.

      The right of public access to court documents is one of constitutional dimension. Therefore, a party seeking to file documents under seal has a heavy burden to demonstrate that there is some reason why the public should not have full access to all publicly-filed documents.

      The letter motion does not make nearly the sort of showing that would permit a federal district court to seal key portions of the record in support of the temporary restraining order sought by the plaintiffs. The letter says that certain documents relating to plaintiff's investment "may" contain confidential and sensitive information, and that Plaintiff "may" be bound by unspecified terms in a limited partnership agreement to keep certain matters about the business of the limited partnership confidential (an obligation, if it exists, that likely does not extend to wrongdoing by the general partner, but in the end that is not for me to decide).

      Were this matter assigned to me I would likely deny the motion. As I am sitting in Part I and looking at another judge's case, however, the prudent course is for me to direct that the exhibits be filed under seal for no more than ten days. During that period, the plaintiff must file with Judge Marrero copies of the relevant exhibits that are redacted, together with an explanation, for each redaction, of why it is that the information contained therein cannot be publicly disclosed – with citation to any agreements between the parties, and understanding that the court is not bound by any of those agreements. The assigned judge can then decide for himself, on a redaction by

redaction basis, whether there is any material that should be filed permanently under seal. Judge Marrero will by that time be far more familiar with the record and better able than I am today to judge whether there is any merit in the instant letter motion.

       The motion is granted only to the extent of allowing the exhibits to be filed under seal until May 6, 2020.

Dated: April 27, 2020

                                   /s/
                                        Chief Judge

BY ECF TO ALL COUNSEL