# BARNES & THORNBURG LLP

Robert Boller
Partner
(646) 746-2020
rboller@btlaw.com

445 Park Avenue, Suite 700
New York, NY 10022-8634 U.S.A.
(646) 746-2000
Fax (646) 746-2001

www.btlaw.com

May 20, 2020

VIA ELECTRONIC MAIL AND ELECTRONIC COURT FILING

Rika Khurdayan
Dilendorf Khurdayan PLLC
60 Broad Street, 24th Floor
New York, NY 10004

Re: *KDH Consulting Group, LLC v. Iterative Capital Mgmt L.P., et al.,* 20 CV 3274

Ms. Khurdayan:

Pursuant to Judge Marrero's Individual Rules, I write to inform you that Defendants intend to file a motion to dismiss the Complaint because there is a controlling forum-selection clause in the LPA, and under Federal Rules 12(b)(1) and 12(b)(6) because (1) the offering documents rebut many of Plaintiff's allegations, (2) Plaintiff lacks standing to bring certain claims, and (3) the Complaint's allegations are otherwise deficient. Although Defendants have yet to be served with a Summons in this matter, Defendants are commencing this pre-motion process because they have been and continue to be damaged by Plaintiff's unfounded allegations.

As Judge Marrero noted at the May 5 hearing, the PPM and LPA contained extensive disclosures regarding the Partnership's investment strategy, liquidity risk, potential conflicts of interest, and withdrawal terms. Moreover, KDH acknowledged in the Subscription Agreement that it read and understood those disclosures. Any allegation that KDH was deceived is thus flatly refuted by the very documents on which the Complaint relies.

**1.     The Complaint should be dismissed because most of the claims arise under the LPA and, pursuant to the terms of that agreement and well-settled law, must be adjudicated in the Delaware Court of Chancery.** Section 8.5 of the LPA provides that the Delaware Court of Chancery shall have "exclusive jurisdiction and venue for any action arising out of this Agreement[.]" Under Second Circuit law, this forum-selection clause should be enforced because it (1) was communicated to Plaintiff; (2) is mandatory; and (3) covers Plaintiff, Defendant, and the claims. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007) (describing standard for dismissal based on a forum-selection clause). The LPA covers Plaintiff because Plaintiff "agree[d] to be bound by [it.]" Sub. Agm't, § 9. It also covers Defendants because each Defendant is either a signatory or closely related to such a signatory. *See Weingrad v. Telepathy, Inc.*, No. 05–CV–2024, 2005 WL 2990645, at *5 (S.D.N.Y. Nov. 7, 2005) (dismissing case against defendants under forum-selection clause where nonsignatory defendants allegedly acted in concert with signatory defendant and were therefore "closely related"). Moreover, it covers all of Counts Five through Twelve because each count arises out of Plaintiff's investment in the Partnership and requires "a determination of the contract's scope and of how the rights and duties created by that contract interact with the parties' general tort duties." *Ashall Homes Ltd. v. ROK Entm't Grp. Inc.*, 992 A.2d 1239, 1252–53, (Del. Ch. 2010).

**2.   Counts One and Two should be dismissed because they are time barred, and for failure to state a claim because Plaintiff's allegations are unsupported, as Judge Marrero observed during the hearing.** Count One alleges violation of § 10(b) and Rule 10b-5 of the Securities Exchange Act and Count Two alleges violation of § 20 of the Act.[1] Count One fails because it is time barred, *see* 28 U.S.C. § 1658, and because Plaintiff has not satisfied its burden of plausibly showing that Defendants, acting with scienter, made any misrepresentations on which Plaintiff could have plausibly relied that caused Plaintiff to purchase or sell securities. *See In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 570, (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015) (detailing six elements of a claim under § 10(b) and recognizing heightened pleading requirements under Rule 9(b) and the PSLRA). Count Two fails because it is also time barred and is premised on Count One. *See ATSI Commc'ns Inc. v. Shaar Fund*, Ltd., 493 F.3d 87, 108 (2d Cir. 2007) (holding that to allege a violation under § 20(a), "a plaintiff must show . . . a primary violation by the controlled [entity]").

As Judge Marrero noted during the May 5 hearing, the documents cited throughout the Complaint refute Plaintiff's allegations. *See* PPM at *iii*, 18, 42 (warning of potential illiquidity); *id.* at 21–26, 42–43 (providing redemption and withdrawal terms); LPA § 5.5 (same); PPM at 49–53 (disclosing potential conflicts of interest); *id.* at 1, 3–4, 7, 9 (disclosing intent to engage in mining); *id.* at 34–53 (disclosing investment risks); Sub. Agm't, § 1(a) (Plaintiff acknowledges it read the PPM and LPA and understood "risk factors" and "conflicts of interest").

Count One lists 16 alleged misrepresentations (¶¶ 103(a)–(p)), but those allegations fail to support a claim for a securities violation for a number of reasons. First, eight of the purported misrepresentations (¶¶ 103 (d), (e), (k)–(p)) were allegedly made after Plaintiff invested in the Partnership in January 2018 and were therefore not made "in connection with the purchase or sale of a security."*Kelter v. Apex Equity Options Fund, LP*, No. 08-CV-2911 (NRB), 2009 WL 2599607, at * 9 (S.D.N.Y. August 24, 2009) (allegation that plaintiffs were fraudulently induced not to sell securities was insufficient to support § 10(b) claim) (citations omitted). Second, the PPM and Subscription Agreement bar Plaintiff from relying on the three purported oral misrepresentations made in late 2017 or early 2018. *See* Compl. ¶¶ 103(a)–(c); Sub. Agm't, § 3(g) (disclaiming reliance on "any representations or other information . . . except as set forth in the Private Placement Memorandum or the Partnership Agreement"); PPM, *ii* (same); *see also Dodds v. Cigna Securities, Inc.,* 12 F.3d 346, 351 (2d Cir. 1993) (plaintiff alleging § 10(b) violation could not rely on allegedly misleading oral statements contradicted by offering materials). Third, contrary to Plaintiff's misleading assertions (¶¶ 103(f)–(h)), the PPM confirms the importance of mining in the Fund's investment strategy. *See, e.g.,* PPM at 1, 3; *see also* ECF No. 14 at 5–6. Fourth, ¶¶ 103(i) and (j) merely quote from the PPM without explaining how the statements are false. *See In re Lululemon Sec. Litig.*, 14 F. Supp. 3d at 571 ("[P]laintiffs must do more than simply

---

[1] Judge Marrero has instructed the parties to confer regarding a proposed case-management, and we are happy to do so. We note, however, that under the PSLRA, discovery is stayed while a motion to dismiss is pending. *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 129–30 (S.D.N.Y. 2003).

**BARNES & THORNBURG** LLP

assert that a statement is false—they must demonstrate with specificity why that is so." (citation omitted)).

**3. Counts Three and Four should be dismissed because no such private right of action exists.** These two counts assert claims for violations of Section 206 of the Investment Advisers Act and seek rescission of the advisory agreement between the partnership and the investment manager. But there is no private right of action under Section 206 of the IAA. *See Clark v. Nevis Capital Mgmt., LLC,* No. 04 Civ. 2702 (RWS), 2005 WL 488641, at *13 (S.D.N.Y. March 2, 2005). And Count Four further fails because there is no private right of action for aiding and abetting, either. *Wellington Int'l Commerce Corp. v. Retelny*, 727 F. Supp. 843, 845–46 (S.D.N.Y. 1989).

**4. Counts Five through Twelve should also be dismissed under Rule 12(b)(6).** First, Counts Five and Eight rely on the same purported misrepresentations as does Count One and therefore fail for the same reasons. Second, the LPA precludes Counts Six and Seven. *See* LPA §§ 4.4, 4.5 (covenant not to sue and waiver of fiduciary duties); s*ee also* Sub. Agm't §§ 3(o)–(p) (acknowledging and agreeing to be bound by waiver of fiduciary duties); *Norton v. K-Sea Transp. Partners L.P.*, 67 A.3d 354, 361–62 (Del. 2013) (finding that fiduciary waivers are enforceable). Third, Count Nine fails because, contrary to Plaintiff's allegations (¶ 168), § 2.5 of the LPA does not reference the PPM and § 4.1 does not obligate the general partner to take any specific action. Fourth, Count Ten fails because a party cannot assert a quasi-contract claim, such as unjust enrichment, where a valid contract governs the parties' relationship. *See Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 891 (Del. Ch. 2009). Fifth, Counts Eleven and Twelve fail because they are derivative of Plaintiff's other failed claims. Additionally, attorney fees are generally unavailable under Delaware law and Plaintiff does not identify any contractual provision entitling it to such fees. *Nat'l Union v. Rhone-Poulenc*, No. CIV.A. 87C-09-11, 1995 WL 1791083, at *2 (Del. Ch. Mar. 17, 1995).

**5. Finally, any claims against Iterative Mining, LLC, and Iterative OTC, LLC, that remain should be dismissed because the Complaint does not allege misconduct by either entity or identify any duty that either entity purportedly owes to Plaintiff.**

We look forward to receiving your response within the next seven days.

Regards,

/s/ Robert J. Boller
Robert J. Boller

cc: Hon. V. Marrero, USDJ

**BARNES & THORNBURG** LLP