# EXHIBIT A

## Boller, Rob

| | |
|---|---|
| **From:** | Rika Khurdayan, Esq. <rk@dilendorf.com> |
| **Sent:** | Monday, June 8, 2020 1:18 PM |
| **To:** | Boller, Rob |
| **Cc:** | Gleb Zaslavsky, Esq.; Gerschwer, Lawrence |
| **Subject:** | [EXTERNAL]RE: TRO Bond |

Rob,

In anticipation of our call and to have a productive conversation, please see below.

Among other things, Plaintiff's ("KDH") first amended complaint ("AC") will have the following additions/revisions, which will clarify or cure the potential deficiencies you pointed out in your pre-motion letter:

1. **Lack of sophistication.** The AC will expand on KDH's lack of sophistication and Defendants' knowledge about it. Specifically, Defendant's knew that KDH was comprised of 3 individuals who formed KDH specifically to invest in the fund. KDH did not have experience with any private placements or funds and did not have financial advisers but for the individual Defendants.

2. **Iterative OTC and Iterative Mining involvement**. Both entities were a part of the fraudulent scheme. Overall, OTC and Mining were the primary beneficiaries of the fund's actual strategy misrepresented to KDH. We will make in more clear in the AC. We may also add a cause of action against Iterative OTC/Iterative Mining for aiding and abetting common law fraud.

3. **Material misstatements and omissions in violation of Rule 10b-5**. KDH will clarify and specify all the Defendant's alleged wrongdoings and misrepresentations constituting the alleged fraud. We will add all relevant Defendants' misstatements and omissions made before (to the unsophisticated investors constituting KDH), during (in the offering documents) and after the investment (in relation to the forced sale, which is allowed under 10(b), and holder claims allowed in NY and DE). Particularly, we will add more statements from the PPM that KDH considers boilerplate and inaccurately representing the actual risk/material terms of the investment known to Defendants, including inadequate principal objectives, illiquidity related to the trading strategy and not mining, concentration provisions, diminished and boilerplate conflict of interest language, inadequate disclosures in connection with the primary purpose of the fund, risks specifically related to mining, as well as affiliated transactions, etc. Overall, the PPM alone and together with other documents, statements and omissions, shows that Defendants did not genuinely believe in what they represented to KDH as an investment opportunity. Defendants statements and omissions concealed Defendants' true intent (or the corresponding significant risk) to enrich themselves and their affiliates via mining strategy and not trading.

4. **Forced sale**. We will add allegations clarifying that the forced sale of KDH's securities via the restructuring, and related misrepresentations and omissions, were a part of the fraudulent scheme described in the AC.

5. **Additional allegations pertaining to restructuring**. We will describe (a) how the planned restructuring effectively lowered the watermark for Iterative's performance fee, (b) how the misrepresentations and omissions leading to the restructuring constituted a forced sale, (c) how Defendants are now claiming that KDH is expelled as a partner but yet holding on to KDH's assets, and (d) the way Defendants expressed their intent to distribute digital assets to KDH based on older valuation of crypto assets and omitting valuation or information on the hardware.

6. **Fiduciary duties**. We will be amending the breach of fiduciary duties claims to clearly differentiate duties owed under the Investment Adviser Act ("IAA") and Delaware law.

- Fiduciary duties cannot be disclaimed/eliminated under the IAA, and it is our position that the general partner is an investment adviser under the IAA and 2nd circuit interpretation under *Abrahamson v. Fleschner*. The claim for breach of fiduciary duties under the IAA will be amended as derivative only. The Manager, is controlled by the General Partner and is an investment adviser as well.
- Under Delaware law, the fiduciary duties are owed to both the partnership and limited partners. While such duties were modified by the LPA, (1) the duty of good faith and fair dealing cannot be eliminated as a matter of law, and (2) the LPA contain limitations on elimination of other fiduciary duties, including in cases of wrongful conduct, bad faith and gross negligence, which we are alleging in the Complaint.

7. **Breach of contract**. We will add several additional allegations for breach of contract in connection with restructuring, and based on the Defendants' most recent conduct.
8. **Unjust enrichment**. We will add more specific allegation describing how Defendants, which were not in contract with KDH, were unjustly enriched by receiving fees, profits (and loss avoidance) and other compensation to which they would not have been entitled absent their fraudulent and other wrongful conduct alleged in the AC.

Also, here are the points, to which KDH is willing to concede:

9. To amend the Complaint to exclude ITERATIVE OTC, LLC and ITERATIVE MINING, LLC from Count Six (Breach of Fiduciary Duty) and Count Seven (Breach of Duty of Good Faith, Fair Dealing and Loyalty).
10. To amend the Complaint to exclude ITERATIVE CAPITAL GP, LLC from Count Ten (Unjust Enrichment).
11. To drop Count Eleven (Attorneys' Fees).

Regards,

Rika