# DILENDORF
## KHURDAYAN

| | |
|---|---|
| 60 Broad Street, 24th Floor | Rika Khurdayan, Esq. |
| New York, New York 10004 | Partner |
| Tel. 212.457.9797 | Cel. 646.764.1630 |
| | |
| Dilendorf.com | rk@dilendorf.com |

**June 19, 2020**

To:   Honorable Victor Marrero
      United States District Judge
      Southern District Of New York
      500 Pearl St, Suite 1610
      New York, NY 10007

   *VIA ECF AND Email*

Re:   KDH Consulting Group LLC v. Iterative Capital Management L.P. et al.
      20-cv-03274 | Bad Faith Misstatements In Defendants' Pre-MTD Conference Letter

Dear Hon. Judge Marrero:

On behalf of Plaintiff KDH Consulting Group LLC ("KDH" or "Plaintiff"), we must write to the Chambers to address serious factual misstatements and omissions in Defendants' most recent submission, dated June 18, 2020 ("Letter," Dkt. 33) showing, at the very least, lack of good faith in Defendants' communications.

We were stunned by the Letter calling Plaintiff's intended amendments to the factual background of the Complaint a "cynical and transparent ploy to be released from the Subscription Agreement's disclaimer and the LPA's obligations" and stating that "Plaintiff argues that the disclaimers should be ignored and Plaintiff should not be bound by them because Plaintiff was unsophisticated" (Dkt. 33 at p. 2).

On June 8, 2020, during a teleconference with Defendants' counsel, pursuant to pursuant to Your Honor's Individual Practices part II, subparts A and B, we were presented with the same speculative argument as stated in the Letter. We clearly and specifically advised Mr. Boller and Mr. Gerschwer that Plaintiff's planned amendments to the factual background of the Complaint include substantiated facts about the degree of Plaintiff's sophistication who lacked any experience (and any financial advisors but for Defendants) in cryptocurrency or general investments in private funds, and Defendants' knowledge thereof.

We could not emphasize more to Mr. Boller and Mr. Gerschwer during the June 8th call that, by adding such facts, Plaintiff would *not* argue that the subscription documents are inapplicable, but

will only provide the relevant facts and context relating to the "degree of sophistication," which is a generally accepted factor assessing reliance in securities fraud cases. *See, e.g., San Diego Cty. Employees Ret. Ass'n v. Maounis*, 749 F. Supp. 2d 104, 120 (S.D.N.Y. 2010); *Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 638 (S.D.N.Y. 2012) citing *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003) ("In assessing the reasonableness of a plaintiff's alleged reliance, [courts] consider the entire context of the transaction, including factors such as its complexity and magnitude, *the sophistication of the parties,* and the content of any agreements between them." Emphasis added.) Notably, Plaintiff cited the same case law in its response to Defendants pre-motion-to-dismiss ("MTD") letter (Dkt. 30.)  In fact, Plaintiff indicated its intention to add Defendants' boilerplate, inaccurate and misleading disclaimers and risk disclosures in the offering documents to the proposed Amended Complaint to further demonstrate fraud. (Dkt. 30 at p. 2).

In light of the above, Defendants' intentional and knowing mischaracterization of Plaintiffs' select proposed amendments related to Plaintiff's degree of sophistication is made frivolously and in bad faith warranting the Court's special consideration.

Also, remarkably, Defendants state in the Letter that "[t]ime is of the essence," while omitting the fact that Defendants have been delaying the matter by promising, on several occasions, including at the commencement of this action and during the June 8th call, to provide certain unidentified documents supposedly demonstrating that defendants Iterative OTC, LLC and Iterative Mining, LLC have no relation to the alleged misconduct. Plaintiff has been waiting patiently for such production for several weeks. *See* Exhibit 1 attached hereto at p.1 – the most recent correspondence, which Defendants omitted to enclose to their Letter.

Plaintiff's remaining contentions, including appropriateness of holder claims, forced sale doctrine and the Investment Advisers Act, are addressed and supported by law cited in Plaintiff's communications pursuant to Your Honor's Individual Practices. (*See* Dkt. 30.)

Plaintiff is respectfully awaiting Your Honor's guidance in response to Defendants' Letter and the parties' pre-MTD submissions.

Sincerely,

*Rika Khurdayan*

Rika Khurdayan

cc:    Robert Boller
       BARNES & THORNBURG LLP
       *Counsel for the Defendants*
       445 Park Avenue, Suite 700
       New York, NY 10022
       rboller@btlaw.com