# DILENDORF KHURDAYAN

| | |
|---|---|
| 60 Broad Street, 24th Floor | Rika Khurdayan, Esq. |
| New York, New York 10004 | Partner |
| Tel. 212.457.9797 | Cel. 646.764.1630 |
| | |
| Dilendorf.com | rk@dilendorf.com |

**June 22, 2020**

To:   HONORABLE VICTOR MARRERO
 UNITED STATES DISTRICT JUDGE
 SOUTHERN DISTRICT OF NEW YORK
 500 PEARL ST, SUITE 1610
 NEW YORK, NY 10007

   ***VIA ECF AND EMAIL***

RE:   **KDH CONSULTING GROUP LLC V. ITERATIVE CAPITAL MANAGEMENT L.P. ET AL. (COLLECTIVELY, "DEFENDANTS")
20-CV-03274 | DISPUTE RE TRO BOND**

Dear Hon. Judge Marrero:

   Plaintiff KDH Consulting Group LLC ("KDH" or "Plaintiff") submits this letter pursuant to Your Honor's Individual Rules seeking a ruling on the return of the security in the amount of $20,000 ("Security") which Plaintiff posted pursuant to the temporary restraining order issued on April 27, 2020 ("TRO," Dkt. No. 4).

   After Plaintiff's good faith attempts to obtain consent from Defendants via email and teleconference, Defendants informed KDH that they would not consent to the release of the TRO Security to KDH and "intend to seek costs and damages from that amount under FRCP 65(c)." *See* Exhibit A attached hereto – Parties' Email Correspondence Related to the TRO Security at p. 4.

   Defendants' objection is unfounded because (a) the TRO was promptly dissolved; (b) Defendants did not incur damages proximately caused by the TRO and proceeded with the restructuring as planned; (c) legal fees are generally not recoverable from injunction security; and (d) all the potential damages stated by Defendants, even if substantiated, are attributable to defending the TRO or this action generally.

   The TRO was issued upon Plaintiff's telephone and email notice to Defendants' prior counsel. The TRO temporarily enjoined Defendants from proceeding with the planned restructuring of the cryptocurrency investment fund into an operational mining company and required Defendants to produce certain documents in response to KDH's demand for books and records, as a limited

partner. Defendants immediately reached out to Plaintiff in relation to the production, and Plaintiff agreed to narrow the scope of production and extend the time to produce, if Defendants, in fact, planned to produce the documents. After promising to get back to us with the proposed productions schedule and list of documents, Defendants' counsel, instead, moved to lift the TRO on May 1, 2020. On the same date, Your Honor suspended the part of the TRO relating to production of books and records. (Dkt. No. 16.) So, Defendants incurred no costs or damages in complying with the part of the TRO mandating production of documents and, instead, thought relief from the TRO under FRCP 60.

Defendants did not incur any damages complying with the remaining part of the TRO, as the restructuring did not yet commence or had a set closing date, and Defendants proceeded with preparing for the restructuring as planned. At all times when the TRO was pending, Defendants were merely collecting consents from investors in connection with the planned restructuring. On April 28, 2020, the next day after this Court granted the TRO and enjoined Defendants from (a) proceeding with the restructuring and (b) "acting on their offer currently set to expire on April 28, 2020," Defendants sent an update informing investors about this lawsuit and the TRO. In the update, Defendants reiterated that the "deadline for investor responses remains tonight [April 28] at midnight EST." *See* Exhibit B attached hereto – Iterative's Letter Dated April 28, 2020.

Promptly thereafter, on May 5, 2020, Your Honor dissolved the TRO and adjourned the preliminary injunction hearing. (Dkt. No. 18.)

So, the TRO itself had no effect on Defendants or their planned transaction.

"[F]ederal rules of procedure … do not allow recovery of attorneys' fees from bonds posted to secure claims of damages from injunctions." *Almoss, Ltd. v. Furman*, No. 06 CIV 8234 LLS, 2007 WL 1975571, at *1 (S.D.N.Y. July 6, 2007). Defendants cited *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 556-557 (2d Cir. 2011) stating that "other attorney's fees incurred as a result of the wrongfully granted TRO are recoverable." *See* Exhibit A at p. 2. However, *Nokia* is clearly distinguishable from this case and only supports the release of the TRO Security.

*Nokia* confirms the general rule that "the wrongfully enjoined party must first demonstrate that the damages sought were proximately caused by the wrongful injunction. …*see also Nintendo,* 16 F.3d at 1038 (requiring that party seeking recovery 'establish[ ] with *reasonable* certainty that it was damaged by the issuance of the injunction' (emphasis added) [*Sic.*]). The wrongfully enjoined party must also properly substantiate the damages sought." *Nokia*, 645 F.3d at 559 (2d Cir. 2011). *Nokia* rules that "the purpose of an injunction bond—to cover the costs and damages incurred *as a result of complying with* a wrongful injunction." *Id.* at 560 (emphasis added).

Further, in *Nokia*, the TRO specifically required the defendants to take an affirmative action outside of the underlying lawsuit – to file a motion to stay in a different matter. Thus, the Second Circuit remanded the case to the district court admitting that such expenses could be recoverable from the TRO security in that case. *Id.*

"The Rule 65(c) security, however, 'is not security for the payment of damages on an ultimate judgment on the merits.'" *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 141 (2d Cir. 2014) *citing Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 21 (1st Cir.2007) and *Lever Bros. Co. v. Int'l Chem. Workers Union, Local 217*, 554 F.2d 115, 120 (4th Cir.1976) ("[I]t is settled that the recoverable damages under such a bond are those that arise from the operation of the injunction itself and not from damages occasioned by the suit independently of the injunction.")

Here, Defendants cannot claim that any legal expenses were, with reasonable certainty, proximately caused by the TRO outside of defending this legal action or dealing with the aftermath of this action. Any inconveniences and damages mentioned by Defendants during the communications with Plaintiff and this Court, even if existent, may be attributable to this action generally and not to the swiftly-lifted TRO, which did not alter any of Defendants' plans or commitments separately from the lawsuit in general.

Therefore, Plaintiff respectfully seeks Your Honor's guidance or ruling on the issue of the TRO Security release during a conference with the Court or in writing.

Sincerely,

Rika Khurdayan

cc: Robert Boller
BARNES & THORNBURG LLP
Counsel for the Defendants
445 Park Avenue, Suite 700
New York, NY 10022
rboller@btlaw.com