## Gleb Zaslavsky, Esq.

| | |
|---|---|
| **From:** | Boller, Rob <RBoller@btlaw.com> |
| **Sent:** | Tuesday, June 9, 2020 2:16 PM |
| **To:** | Gleb Zaslavsky, Esq.; Rika Khurdayan, Esq. |
| **Cc:** | Gerschwer, Lawrence |
| **Subject:** | RE: TRO Bond |

Gleb,

1. We obviously disagree about whether our clients were damaged by the improper TRO and your reading of *Nokia*. We're happy to discuss this with Judge Marrero.

2. Thank you for providing the authority. As discussed, we can raise this issue with Judge Marrero in the context of the case management order.

Rob

Rob Boller
 Direct: (646) 746-2020



---

**From:** Gleb Zaslavsky, Esq. <gz@dilendorf.com>
**Sent:** Monday, June 8, 2020 4:50 PM
**To:** Boller, Rob <RBoller@btlaw.com>; Rika Khurdayan, Esq. <rk@dilendorf.com>
**Cc:** Gerschwer, Lawrence <Lawrence.Gerschwer@btlaw.com>
**Subject:** [EXTERNAL]RE: TRO Bond

Rob,

Per Rika's direction, briefly addressing your points below, which we have just discussed as a part of the informal pre-MTD procedure:

1. As stated earlier, we believe that there was no damage to Defendants as a result of the quickly lifted TRO. All the inconvenience you mentioned in the letter-motion to Judge Marrero to lift the TRO and legal expenses you mentioned during the today's call, can be attributed to <u>this</u> lawsuit generally. In *Nokia*, the TRO explicitly required the defendants to incur legal costs (file a motion to stay) in a <u>different</u> matter. Here, Defendants refused to provide documents, decided to fight the TRO and proceeded with the restructuring as planned, notwithstanding the TRO, based on the "current offering terms." *See* Iterative's Letter to Investors, dated April 28, 2020.

   You are free to make your argument to Judge Marrero, of course, but Plaintiff will stand on the position that the damages you mentioned, on their face, were not "proximately caused by the wrongful injunction" and Defendants failed as a matter of law to "establish[ ] with *reasonable* certainty that it was damaged by the issuance of the injunction." *Nokia*, 645 F.3d at 559. Rika will ask for the Court's guidance in this regard during the next conference.

1

2. In re PSLRA's permissible limited discovery, here is an authority, for example: *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001) (holding that the automatic stay of discovery provision of the PSLRA does not stay discovery with respect to a plaintiff's non-fraud state law claims, over which the district court had jurisdiction.) We will also argue that, in light of the forced sale, Plaintiff will be unduly prejudiced if the limited discovery does not proceed, as Plaintiff will no longer be entitled to accessing the documents upon the restructuring. *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130–31 (S.D.N.Y. 2003) (*citing Vacold LLC v. Cerami*, No. 00 CIV. 4024 (AGS), 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001), *Glob. Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99 CIV 342 (DLC), 1999 WL 223158, at *2 (S.D.N.Y. Apr. 16, 1999) and other SDNY authority.

Best,
Gleb

Gleb Zaslavsky, Esq.
Senior Associate

**Dilendorf Khurdayan PLLC**
60 Broad Street, 24th Floor
New York, NY 10004
www.dilendorf.com

t: + 1 212 | 457 | 9797
c: + 1 646 | 961 | 0444
gz@dilendorf.com

---

**From:** Boller, Rob <RBoller@btlaw.com>
**Sent:** Friday, June 5, 2020 5:29 PM
**To:** Rika Khurdayan, Esq. <rk@dilendorf.com>; Gleb Zaslavsky, Esq. <gz@dilendorf.com>
**Cc:** Gerschwer, Lawrence <Lawrence.Gerschwer@btlaw.com>
**Subject:** RE: TRO Bond

Rika,

Thanks for your email. Perhaps I should have been more precise in my prior note. In any event, I respond below to your two points.

1. On the TRO bond, while fees incurred in litigating over an improper TRO may not be recoverable, other attorney's fees incurred as a result of the wrongfully granted TRO are recoverable. *Nokia Corp. v. InterDigital, Inc.*, 546 F.3d 553, 556-557 (2d Cir. 2011). And, of course, any other damages incurred as a result of the bond are recoverable as well. So, we don't agree to return of the bond.

2. On the PLSRA discovery stay, do you have any authority for the statement of law below? I am not aware of any. In fact, numerous courts have examined this issue, including in the SDNY, and held that the PSLRA stays all discovery in a case upon a MTD, including discovery related to state law claims. *See, e.g. In Re: Trump Hotel Shareholder Deriv. Litig.*, 1997 WL 442135, No. 96 Civ. 7820 (DAB)(HBP) *2 (Aug. 5, 1997 SDNY); *Union Cent. Life Inc. Co. v. Ally Financial, Inc.*, 2012 WL 3553052, No. 11 Civ. 2890(GBD)(JCF) *2-3 (Aug. 17, 2012 SDNY); *Schnall v. Proshares Trust*, 2010 WL 1962940, Nos. 10 Civ. 3042 (JGK), 09 Civ. 6935(JGK) (May 17, 2010 SDNY); *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, No. 05 Civ. 7583 (WHP) *3 (June 26, 2006 SDNY). And, while there are exceptions to the discovery stay, I am not aware of any that would apply here.

I had hoped to avoid a dispute over these fairly straight-forward issues, but it seems that may not be possible. On our call Monday, let's also discuss how to tee these up for adjudication. I suggest the following:

1. On the TRO bond, I think you would need to make a motion to have the bond released, which we would then oppose.  But I am not familiar with the procedure in this regard, so correct me if I am wrong.

2. On the applicability of the PSLRA discovery stay, we still owe the Court a case management order.  In that context, we could submit a letter to Judge Marrero requesting his guidance as to the PSLRA discovery stay, as that is a threshold issue for submitting a case management plan.

Let's discuss all of the above on Monday.

Rob


Rob Boller
 Direct: (646) 746-2020



---

**From:** Rika Khurdayan, Esq. <rk@dilendorf.com>
**Sent:** Wednesday, June 3, 2020 9:18 AM
**To:** Boller, Rob <RBoller@btlaw.com>; Gleb Zaslavsky, Esq. <gz@dilendorf.com>
**Cc:** Gerschwer, Lawrence <Lawrence.Gerschwer@btlaw.com>
**Subject:** [EXTERNAL]RE: TRO Bond

Hi Rob,

Apologies for delay in response – very difficult times for the city and the whole country.

The black letter law is quite the opposite. "[F]ederal rules of procedure … do not allow recovery of attorneys' fees from bonds posted to secure claims of damages from injunctions." *Almoss, Ltd. v. Furman*, No. 06 CIV 8234 LLS, 2007 WL 1975571, at *1 (S.D.N.Y. July 6, 2007). You did not believe we had a dispute on this point last time.

PSLRA discovery stay is not absolute in scope and, for example, does not apply to non-fraud state law claims. There are other exemptions applicable to your clients' activities that KDH will argue do support at least a limited discovery in this case. We <u>will not</u> be consenting to a full stay of discovery under PSLRA.

We can confer on these points as well before addressing with the judge. Please let me know your availability Friday afternoon or early next week. Thank  you.

Rika

---

**From:** Boller, Rob <RBoller@btlaw.com>
**Sent:** Tuesday, June 2, 2020 3:17 PM
**To:** Rika Khurdayan, Esq. <rk@dilendorf.com>; Gleb Zaslavsky, Esq. <gz@dilendorf.com>
**Cc:** Gerschwer, Lawrence <Lawrence.Gerschwer@btlaw.com>
**Subject:** RE: TRO Bond

Thanks for getting back to me.  Among other things, Defendants are entitled to recover from the bond the legal fees they incurred as a result of the wrongful TRO.  I don't have a cite for this readily available, but it's black letter law and I doubt we will have a dispute on this point.  So, we will not agree to return of the bond to KDH.

I look forward to hearing from you on the other points.  If necessary, we can get you some law on the PSLRA stay of discovery, but I don't think there's much to debate on this point, either.

Best,

Rob


Rob Boller
 Direct: (646) 746-2020



---

**From:** Rika Khurdayan, Esq. <rk@dilendorf.com>
**Sent:** Tuesday, June 2, 2020 10:15 AM
**To:** Boller, Rob <RBoller@btlaw.com>; Gleb Zaslavsky, Esq. <gz@dilendorf.com>
**Cc:** Gerschwer, Lawrence <Lawrence.Gerschwer@btlaw.com>
**Subject:** [EXTERNAL]RE: TRO Bond

Rob,

Thank you for the update. We believe this is unfounded as there was no damage to Defendants because of the TRO, Iterative proceeded with collecting consents and restructuring as planned (which they have confirmed at the time of the TRO).

We are conferring with the client on the question of full stay of discovery pending your planned motion to dismiss, and will get back to you by tomorrow on this point, along with proposed times to confer as per judge's individual rules.

Kind regards,
Rika

---

**From:** Boller, Rob <RBoller@btlaw.com>
**Sent:** Friday, May 29, 2020 10:09 PM
**To:** Rika Khurdayan, Esq. <rk@dilendorf.com>; Gleb Zaslavsky, Esq. <gz@dilendorf.com>
**Cc:** Gerschwer, Lawrence <Lawrence.Gerschwer@btlaw.com>
**Subject:** TRO Bond

Rika and Gleb,

Following up on our call, Defendants do not consent to dissolution of the TRO bond or other return of the TRO security posted by KDH.  Defendants intend to seek costs and damages from that amount under FRCP 65(c).

Best,

Rob

**Rob Boller** | Partner, New York

Barnes & Thornburg LLP

445 Park Ave, Suite 700, New York, NY 10022-8634

Direct: (646) 746-2020 | Fax: (646) 746-2001



Atlanta | California | Chicago | Delaware | Indiana | Michigan | Minneapolis
New York | Ohio | Raleigh | Salt Lake City | Texas | Washington, D.C.

**Learn more about our COVID-19 Resources**


```
CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message.

CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message.

CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message.

CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this message.
```