KDH Consulting Group LLC v. Iterative Capital Management L.P. et al.
20-cv-03274

# DILENDORF KHURDAYAN

60 Broad Street, 24th Floor                                   Rika Khurdayan, Esq.
New York, New York 10004                                      Partner
Tel. 212.457.9797                                             Cel. 646.764.1630

Dilendorf.com                                                 rk@dilendorf.com

July 10, 2020

To:   Honorable Victor Marrero
      United States District Judge
      Southern District Of New York
      500 Pearl St, Suite 1610
      New York, NY 10007

   *VIA Email to Chambers pursuant to Judge Marrero's Special Individual Rules and Practices in Light of COVID-19*

Re:   **KDH Consulting Group LLC v. Iterative Capital Management L.P. et al.
      20-cv-03274**

Dear Hon. Judge Marrero:

   Plaintiff KDH Consulting Group LLC ("KDH" or "Plaintiff") submits this letter respectfully asking the Court to clarify whether Plaintiff's state law claims were dismissed without prejudice to filing such claims in Delaware state court as per the Order, dated June 27, 2020 and filed on June 29, 2020 (Dkt. No. 37) ("MTD Order").

   The MTD Order dismissing Plaintiff's claims states that "forum selection clauses are prima facie valid and should control questions of venue" and that the forum selection clause is enforceable in this case. *See* Dkt. No. 37 at 11 *et seq*. The case law cited in the MTD Order also provides that under an enforceable forum selection clause the parties are required to bring any dispute to the designated state forum, which retains jurisdiction over state claims. In this case, the selected forum is the Delaware Court of Chancery. The Court dismissed Plaintiff's state law claims (Counts Five through Twelve) for improper forum.

   Yet, the MTD order directed Plaintiff to "to show cause why Counts Five through Twelve should not be dismissed *with* prejudice." (Dkt. No. 37 at 29; emphasis added). For this mandate, the court cited another case upholding a forum selection clause "without prejudice to his asserting the new claims in a proper venue." *Amaker v. Haponik*, 198 F.R.D. 386, 393 (S.D.N.Y. 2000). Other cases also support the principle that dismissal for improper forum is generally made without prejudice. *See, e.g.*, *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 198 F.R.D. 402, 404 (S.D.N.Y. 2001).

**KDH Consulting Group LLC v. Iterative Capital Management L.P. et al.**
<u>20-cv-03274</u>

Thus, Plaintiff respectfully seeks the Court's clarification whether Plaintiff's state law causes of action are dismissed without prejudice to bringing such claims in a Delaware state court.

Sincerely,

*Rika Khurdayan*
Rika Khurdayan

cc: Robert Boller
BARNES & THORNBURG LLP
Counsel for the Defendants
445 Park Avenue, Suite 700
New York, NY 10022
rboller@btlaw.com