UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KDH CONSULTING GROUP LLC,
                Plaintiff,

  – against –

ITERATIVE CAPITAL MANAGEMENT L.P., et al.,
                Defendants.

1:20 Civ. 03274 (VM)

**DECLARATION OF BRANDON BUCHANAN IN SUPPORT OF DEFENDANTS' MOTION TO RECOVER COSTS AND DAMAGES FROM PLAINTIFF'S TRO SECURITY**

------------------------------------------------------------------X

I, Brandon Buchanan, declare under penalty of perjury that the following is true and correct:

1. I am a resident of New York. I am a Partner of Iterative Capital Management, L.P. I am also named personally as a defendant in this litigation. I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. In December 2019, Defendants communicated to the limited partners of Iterative Capital, L.P. (the "Partnership"), including Plaintiff, that the investment manager intended to explore converting the Partnership to a corporate structure. After months of deliberation, the investment manager believed a restructuring was in the best interests of investors because of deteriorating market conditions in a rapidly evolving and still nascent asset class. The Partnership's domestic and on-shore master/feeder structure was also very expensive to administer, with third party expenses in 2019 accounting for over 5% of the Partnership's assets. Restructuring to a more streamlined limited liability company structure would reduce these costs for continuing investors and provide a liquidity opportunity for investors looking to exit.

3. On March 1, 2020, Defendants disclosed to the Partnership's limited partners, including Plaintiff, the terms of the proposed restructuring. The relevant communications

comprised over 100 pages of disclosures. At a high level, the restructuring provided each investor with three choices: (1) convert its Partnership interest to an interest in a new vehicle structured as a limited liability company, (2) redeem its Partnership interest and receive cash equal to the value of its pro rata share of the Partnership's assets, or (3) redeem its Partnership interest and receive an in-kind distribution of the limited partner's pro rata share of Partnership assets.

4. The deadline for investors to choose from the foregoing options was originally set for March 28, 2020, but was subsequently extended to April 28, 2020.

5. On April 27, 2020, Plaintiff sought and obtained an *ex parte* temporary restraining order ("TRO") against all Defendants which, *inter alia*, enjoined the proposed restructuring and required Defendants to produce 17 categories of documents to Plaintiff within five days.

6. Because Defendants and their counsel had been working on the restructuring for many months, the last minute TRO was highly disruptive and very costly.

7. Upon learning of the TRO, I engaged counsel on behalf of the Defendants to advise on how to comply with the order.

8. Perkins Coie LLP served as compliance and regulatory counsel to certain of the Defendants. Perkins Coie advised Iterative OTC, LLC, specifically, on the potential compliance and regulatory impacts of the TRO on Iterative OTC. I recently reviewed the Perkins Coie invoice for the relevant time period and identified at least $3,500 in legal fees incurred by Defendants to Perkins Coie as a result of having to comply with the TRO.

9. Akin Gump Strauss Hauer & Feld LLP served as Defendants' counsel in connection with the Partnership restructuring that was enjoined by the TRO. Naturally, Akin Gump also advised Defendants on the impact of the TRO on the planned restructuring and on communicating with the Partnership's limited partners regarding the TRO. I recently reviewed the Akin Gump

invoice for the relevant time period and identified at least $11,000 in legal fees incurred by Defendants to Akin Gump as a result of having to comply with the TRO.

10. Barnes & Thornburg LLP represents Defendants in this action. In addition to litigating the propriety of the TRO, Barnes & Thornburg advised Defendants on compliance with portions of the TRO, including the requirement to turn over books and records; negotiating the same with opposing counsel; and on communications with our limited partners regarding the TRO. I recently reviewed the Barnes & Thornburg invoice for the relevant time period and identified at least $8,800 in legal fees incurred by Defendants to Barnes & Thornburg as a result of having to comply with the TRO.

11. Additionally, Defendants' businesses were interrupted by imposition of the TRO. For example, I personally spent significant time away from our day-to-day business as a result of the TRO, including dealing with investors and other third parties.

12. Defendants, including me, were also forced to spend time analyzing the 17 broad categories of documents required be produced, identifying what documents were in our custody, attempting to locate such documents, and formulating a plan for their review and production.

13. Additionally, because of the TRO, certain third parties flagged the accounts of Defendant Iterative OTC, LLC, causing its accounts to be frozen with trading partners and precluding Iterative OTC from engaging in trading. The TRO also delayed the necessary approval for Iterative OTC to onboard with various banks, brokers, and exchanges, further inhibiting its ability to engage in trading.

14. Defendants also suffered further damages to their reputation, relationships, and business opportunities as a result of the disruption caused by the TRO.

15. Defendants continue to feel the effects of the notoriety associated with the TRO.

  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on July 29, 2020
New York, New York

_____
Brandon Buchanan