UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

KDH CONSULTING GROUP LLC,                        20 Civ. 3274 (VM)

                               Plaintiff,

          – against –

ITERATIVE CAPITAL MANAGEMENT L.P.,
ITERATIVE CAPITAL GP, LLC, ITERATIVE OTC,
LLC (D/B/A "I2 TRADING" AND "ESCHER"),
ITERATIVE MINING, LLC, BRANDON BUCHANAN
and CHRISTOPHER DANNEN,

                               Defendants.

-------------------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO RECOVER UNDER THE TRO SECURITY AND IN SUPPORT OF DISCHARGE OF THE TRO SECURITY

                                                        DILENDORF KHURDAYAN PLLC

                                                        Rika Khurdayan, Esq.
                                                        federal bar number AK9122
                                                        60 Broad Street, 24th Floor
                                                        New York, NY 10004
                                                        Tel: (212) 457-9797
                                                        rk@dilendorf.com

                                                        *Counsel for the Plaintiff*

August 4, 2020
New York, New York

Plaintiff KDH CONSULTING GROUP LLC ("Plaintiff" or "KDH"), by its attorneys, Dilendorf Khurdayan PLLC, respectfully submits this memorandum of law in opposition to Defendants ITERATIVE CAPITAL MANAGEMENT L.P's, ITERATIVE CAPITAL GP, LLC's, ITERATIVE OTC, LLC's, ITERATIVE MINING, LLC's, BRANDON BUCHANAN's ("Buchanan") AND CHRISTOPHER DANNEN's ("Dannen") (collectively, "Defendants") motion for recovery on KDH's TRO security.

**PRELIMINARY STATEMENT**

Defendants are seeking a windfall recovery from the TRO security without substantiating any damages or citing a single case supporting recovery of the alleged expenses. This is because, as a matter of law, Defendants cannot recover attorneys' fees and other speculative expenses allegedly incurred in connection with this litigation.

The subject TRO was issued on April 27, 2020, when KDH filed this federal securities fraud action and was partially lifted within 4 days and completely lifted within 8 days from its issuance. The TRO (a) mandated suspension of Defendants' planned restructuring of a cryptocurrency trading hedge fund into a cryptocurrency mining operating company and (b) provided for production of documents as per the demand to inspect books and records, dated April 14, 2020, which Defendants and their prior counsel reviewed extensively prior to this action being filed, responded to, and most of which documents Defendants had refused to produce. As alleged in the Amended Complaint, KDH believes that such restructuring is a fruit of Defendants' securities fraud.

Despite the TRO, Defendants were not restrained and did not, in fact, refrain from proceeding with their planned restructuring as planned or from continuing to withhold the critical documents relevant to the transaction. Instead, Defendants' tactics to defend the TRO and this lawsuit included

(a) reassuring the investors that the restructuring was proceeding as planned, while (b) obtaining KDH's consent to postpone the mandated document production and, instead, (c) moving to dissolve the TRO.

Defendants went further and are now claiming that their attorneys' fees and unsubstantiated business interruption costs are recoverable from the TRO security.

As detailed below, the Court should deny Defendants Motion because (a) Defendants cannot establish that they were "wrongfully enjoined," (b) Defendants fail to show that any of the alleged "damages" are generally recoverable from the TRO bond or proximately caused by the operation of the TRO itself, and (c) Defendants fail to substantiate any of their alleged damages.

Because Defendants were not wrongfully enjoined, cannot establish proximate cause and do not substantiate their alleged damages, the Court should exercise its discretion to order the release of the TRO security.

## STATEMENT OF RELEVANT FACTS

In the first days of 2018, Plaintiff invested a $1,000,000 in a limited partnership, which Defendants advertised as a hedge-fund-like structure focusing on investing in liquid digital assets, such as cryptocurrencies and network tokens, making material misrepresentations and omissions relating to the nature of the fund and the risks involved. (Dkt. No. 40 – First Amended Verified Complaint ¶¶ 46, 58.)

On December 20, 2019, Defendants wrote to KDH: "[t]he current Fund structure has handcuffed us and prevented us from being able to scale our mining operation. As such, during Q1 2020, we will embark on an effort to convert the Fund [Complex] from an investment fund structure to a corporate structure and consolidate it with our other flagship business, [Escher]." (Dkt. No. 40 ¶ 99.)

3

On April 14, 2020, KDH, as a limited partner, served Defendants with a demand for books and records related to the cryptocurrency investment fund's operations and proposed restructuring ("April 14 Demand"). (Dkt. No. 6 – Khurdayan Decl. ¶ 2.) Defendants objected to the demand, refused to provide the majority of the requested records and stated that some records pertaining to properly minuted corporate decisions are non-existent. On the same day, April 14, 2020, Buchanan personally objected to the April 14 Demand addressing each category of the requested documents. (Dkt. No. 6 ¶ 2; Dkt. No. 6-3.) On April 20, 2020, Defendants' counsel also objected to the April 14 Demand but agreed to provide certain documents – on the condition of additional confidentiality agreement and charging Plaintiff for the limited production expenses. (Dkt. No. 6 ¶ 2; Dkt. No. 6-4.)

On April 27, 2020, KDH filed the instant action for, among other things, securities fraud and a preliminary injunction with a TRO restraining Defendants from the allegedly oppressive restructuring and ordering them to provide documents requested by the April 14 Demand.

The court issued a TRO on the same day. (Dkt. No. 9.) The TRO temporarily enjoined Defendants from proceeding with the planned restructuring of the cryptocurrency investment fund into an operational mining company and required Defendants to produce certain documents in response to KDH's earlier April 14 Demand.

On April 28, 2020, the next day after this Court granted the TRO and enjoined Defendants from (a) proceeding with the restructuring and (b) "acting on their offer currently set to expire on April 28, 2020," Defendants sent an update informing investors about this lawsuit and the TRO. In the update, Defendants reiterated that the "deadline for investor responses remains tonight [April 28] at midnight EST." (Dkt. 35 at p. 2.)

Upon Defendants request, as an immediate courtesy, Plaintiff agreed to narrow the scope of production and extend the time to produce such documents. (Dkt. 35 at p. 2.)

4

Instead, on May 1, 2020, moved to lift the TRO. On the same date, this Court suspended the part of the TRO relating to production of books and records. (Dkt. No. 16.)

Defendants did not incur any damages complying with the remaining part of the TRO, as the restructuring did not yet commence or had a set closing date, and Defendants proceeded with preparing for the restructuring as planned. At all times when the TRO was pending, Defendants were merely collecting consents from investors in connection with the planned restructuring. Promptly thereafter, on May 5, 2020, Your Honor dissolved the TRO and adjourned the preliminary injunction hearing. (Dkt. No. 18.)

As a result, Defendants did not take any actions to comply with the TRO, decided to defend the TRO and the TRO itself had no effect on Defendants' planned transaction or refusal to produce documents, as mandated by the TRO.

Besides attempting to improperly recover against KDH's TRO security, Defendants have removed KDH as a limited partner and still refuse to distribute to KDH remaining share in the partnership without any TRO in place "pending resolution of the current litigation." (Ex. A to Khurdayan Decl. in Opp.; Dkt. No. 40 ¶ 110.)

## STANDARD OF REVIEW

"Under Fed.R.Civ.P. 65(c), a party subjected to a preliminary injunction in district court who is later found to have been 'wrongfully enjoined' may recover against the security bond damages suffered as a result of the injunction." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1051 (2d Cir. 1990). In order to recover from such a ecurity, it must be found that the moving party was "wrongfully enjoined" and therefore "had at all times the right to do the enjoined act." *Id.* at 1054. In addition to this, the 'wrongfully enjoined' party must: (i) "demonstrate that the damages sought were proximately caused by the wrongful injunction"; and (ii) "properly substantiate the

5

damages sought." *See Nokia Corp. v. Interdigital, Inc.*, 645 F.3d 553, 559 (2d Cir. 2011). Following an establishment of the foregoing elements, a party "is entitled to a presumption in favor of recovery." *Nokia Corp.*, 645 F.3d at 559. However, such a presumption may be rebutted upon a finding that "good reason" exists to deny recovery from the bond. *Id.* While "proper substantiation" does not require proving damages to a "mathematical certainty," damages cannot be speculative. E.g., *Intercapital Debt Trading Ltd. v. Cantor Fitzgerald Inc.*, No. 94 Civ. 9275, 1996 WL 167820, at *2 (S.D.N.Y. Apr. 10, 1996).

Here, even if Defendants could show that they were "wrongfully enjoined" in the absence of a final merits determination and in light of proceeding with the restructuring despite the TRO, Defendants still fail to establish proximate cause and to substantiate their alleged damages. As such, the Motion should be denied and the TRO security discharged.

## ARGUMENT

### I. DEFENDANTS HAVE FAILED TO DEMONSTRATE THAT THEY SUFFERED DAMAGES THAT WERE RECOVERABLE FROM OR PROXIMATELY CAUSED BY THE TRO

#### a. The Attorneys' Fees Incurred by Defendants Are Not Recoverable and Are Not Substantiated

Defendants have failed to and could not possibly cite a single legal authority providing for recovery of Defendants' attorneys' fees expended in this action from the TRO security.

Conversely, as the Second Circuit recognized in *Nokia Corp.*, "it has long been established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction." *Nokia Corp.*, 645 F.3d at 560. The cases following this general rule are extensive. *See, e.g.*, *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 141 (2d Cir. 2014) ("It is settled that the recoverable damages under such a bond are those that arise from the operation of the injunction itself and not from damages occasioned by the suit independently of the injunction."); *Harbour Victoria Inv. Holdings Ltd. v. Chawla*, Case No. 15-cv-3212-LTS, 2015 U.S. Dist.

LEXIS 127715, at *3 (S.D.N.Y. Sept. 23, 2015) ("Nor does Federal Rule of Civil Procedure 65(c) contemplate the shifting of attorneys' fees or other litigation expenses."); *IDG USA, LLC v. Schupp*, Case No. 10-cv-76S(F), 2012 U.S. Dist. LEXIS 151554, at *22-23 (W.D.N.Y. Oct. 12, 2012) ("Consistent with the general rule against fee-shifting, it has long been established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction."); *see also* 13 Moore's Federal Practice - Civil § 65.50[3] (2018) ("[P]roceeds from the bond may not be applied to compensate for attorney's fees.").

In *Nokia Corp.*, the Second Circuit also identified a narrow exception to the general rule barring recovery of attorneys' fees under Rule 65(c): an enjoined party may recover attorneys' fees incurred in taking legal action affirmatively required under the injunction. *Nokia Corp.*, 645 F.3d at 560. For example, in *Nokia Corp.*, the preliminary injunction required the defendant to take actions in a parallel legal proceeding before the International Trade Commission ("ITC"), thus incurring legal fees in the ITC proceeding as a direct and specific consequence of the injunction. *See id.* The Second Circuit described these as fees "incurred in complying with the injunction" and explained that "[r]ecovery of such costs, incurred in collateral proceedings required by the terms of a wrongful injunction, does not contravene the American Rule or its Rule 65(c) analogue." *Id.* (emphasis added).

While Defendants vaguely characterizes the $23,300 in attorneys' fees as related to "regulatory and compliance counsel" analysis, "potential compliance and regulatory impacts," etc., it is apparent that these fees were not expended in taking affirmative legal action required by the TRO. The TRO affirmatively mandated only Defendants' responses to KDH's outstanding document inspection demand. Defendants were familiar with this demand served upon Defendants on April 14, 2020, did not have to comply with the demand as it obtained an extension from this office and, ultimately, did not take an affirmative action of producing the demanded documents, as Defendants decided to move to dissolve the TRO.

Rather, Defendants' counsel appears to have advised their client on the scope and application of the TRO. The alleged attorneys' fees are not specified or substantiated and include attorneys' fees for generally litigating the TRO, and other miscellaneous attorneys' fees occasioned by this lawsuit independently of the TRO. Unlike the fees incurred in *Nokia Corp.*, the fees that Defendants seek here are a prototypical example of "attorney's fees expended in litigating the injunction" or this action generally. *Id.*

Indeed, if time spent advising a client on the scope and application of a TRO were recoverable under Rule 65(c), attorneys' fees would be recoverable in nearly every case, thereby vitiating the "long established" general rule recognized in Nokia Corp. that attorneys' fees are not recoverable under Rule 65(c).

### b. The Remainder of the Alleged Expenses Requested by Defendants Are Not Recoverable From the TRO Security

Defendants' Motion also fails to substantiate the remaining costs they seek and demonstrates that such costs were not caused by the TRO, and, as such, cannot be recovered.

"The only damages recoverable from an injunction bond are those arising from the operation of the injunction itself and not from damages occasioned by the suit independently of the injunction, … and the injunction must be the proximate cause of the damages." *Medafrica Line, S.P.A.*, 654 F. Supp. at 156 (internal citations omitted); *see also Nintendo of Am., Inc.*, 16 F.3d at 1038 (requiring that party seeking recovery "establish … with reasonable certainty that it was damaged by the issuance of the injunction")).

The remainder of Defendants' alleged expenses, including related to Defendants being "interrupted by imposition of the TRO," Buchanan's "significant time away from [Defendants'] day-to-day business," third-parties red-flagging Defendants' accounts, harm to business opportunities, etc.,

8

are equally not substantiated, speculative and, even if were existent, attributable to this lawsuit generally.

Since Defendants failed to provide or request any costs other than those identified above, which were not proximately caused by the operation of the TRO, Defendants cannot recover from the TRO security.

## II. DEFENDANTS HAVE NOT BEEN 'WRONGFULLY ENJOINED' BY THE TRO

Even if Defendants had offered proper expenses recoverable from a TRO security, substantiated such costs, and alleged and demonstrated that they were proximately caused by the TRO, Defendants would still not be able to recover from the TRO security because Defendants cannot demonstrate that they were 'wrongfully enjoined'.

First, Defendants could not have been 'wrongfully enjoined' by the TRO, as it did not in fact enjoined them from any conduct that they had the right to engage in. "A party has been 'wrongfully enjoined' under Fed.R.Civ.P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act." *Blumenthal*, 910 F.2d at 1054; *see also Windstream*, 775 F.3d at 140 ("A plaintiff may satisfy [its] burden by showing that the defendant did not have the legal right to engage in the conduct restrained while the TRO was in effect, notwithstanding the denial of the preliminary injunction.")

Here, the December TROs did not enjoin Defendants from any such conduct. Defendants proceeded with the restructuring as planned and continued to withhold documents demanded by KDH as a limited partner of the fund.

Also, the Court cannot make a determination that a wrongful restraint occurred because of the posture of the case. *Windstream*, 775 F.3d at 140. Even if Defendants alleged costs were recoverable

from the TRO security, the Motion cannot be granted because there has not been a final adjudication on the merits in this action and therefore it cannot be determined that there was a 'wrongful injunction'.

A determination that a party was 'wrongfully restrained' "generally ... must be resolved by a trial on the merits." *Windstream*, 775 F.3d at 138 *(quoting Univ. of Tex. v. Camenisch*, 451 U.S. 390, 396 (1981))*.[1] "That is because it is the final adjudication on the merits, after the full presentation of the parties' cases, that ordinarily establishes whether the defendant should not have been engaging in the conduct that was enjoined." *Id.* "TRO and preliminary injunction proceedings do not typically give the parties 'the benefit ... of a full opportunity to present their cases [ ]or ... a final judicial decision based on the actual merits of the controversy.'" *Id.* (*quoting Camenisch*, 451 U.S. 390, 396 (1981)).

Here, KDH did not have the full opportunity to present its case. Moreover, lifting the TRO, the Court adjourned the related preliminary injunction without a hearing. (Dkt. No. 18 at 3.)

### III. THE TRO SECURITY SHOULD BE DISCHARGED

It is appropriate for a Court to discharge an injunction security following a determination that there cannot be any recovery from the security. *See Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK, 2012 WL 1080288, at *2 (S.D.N.Y. Apr. 2, 2012) (exonerating and discharging a bond following a finding that a preliminary injunction could not have "caused any injury to the defendants for which they are able to recover.") As shown above, Defendants' Motion makes clear that Defendants will not be able to recover from the TRO security, as they has failed to properly substantiate the alleged damages or demonstrate that the alleged expenses were proximately caused by the TRO. As such, in

---

[1] In *Windstream*, as an exception to this general rule, the Court found that there was no need for a final adjudication on the merits, as the plaintiff voluntarily dismissed the action following the order of temporary relief and thereby "abandoned its right to 'a full opportunity to present [its] case[ ] [or] of a final judicial decision based on the actual merits of the controversy.'" *Windstream*, 775 F.3d at 138 (*quoting Camenisch*, 451 U.S. at 396). However, that exception to the general standard is inapplicable here.

addition to denying Defendants' Motion, the Court should also discharge the TRO security and return it to KDH.

## CONCLUSION

As demonstrated above, (a) Defendants should not be allowed to recover any of the alleged expenses from the TRO security, (b) the Motion should be denied, and (c) the TRO security should be discharged and returned to KDH in full.

DILENDORF KHURDAYAN PLLC

Dated: August 4, 2020
New York, New York

*Rika Khurdayan*

by: Rika Khurdayan, Esq.
federal bar number AK9122

*Counsel for the Plaintiff*
60 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 457-9797
rk@dilendorf.com