USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: November 9, 2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
KDH CONSULTING GROUP LLC,           :
                                    :
                    Plaintiff,      :     20 Civ. 3274 (VM)
                                    :
     - against -                    :     DECISION AND ORDER
                                    :
ITERATIVE CAPITAL MANAGEMENT L.P.,  :
     et al.,                        :
                    Defendants.     :
-----------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

Plaintiff KDH Consulting Group LLC ("KDH") brought this action against Iterative Capital Management L.P.; Iterative Capital GP, LLC; Iterative OTC, LLC; Iterative Mining, LLC; Brandon Buchanan ("Buchanan"); and Christopher Dannen ("Dannen," and together with Buchanan, "Individual Defendants") (collectively, "Defendants"). Plaintiffs allege violations of federal securities laws. (See "Amended Complaint," Dkt. No. 40.)

Pending before the Court is Defendants' motion to recover the injunction bond posted by KDH pursuant to Federal Rule of Civil Procedure 65(c) ("Rule 65(c)"). (See "Motion," Dkt. No. 41.) For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

A. PROCEDURAL HISTORY

1

KDH invested $1,000,000 in a limited partnership with Defendants. (Amended Complaint ¶ 46.) On April 14, 2020, KDH served Defendants with a demand for books and records related to a proposed restructuring scheduled for April 28, 2020. (Dkt. No. 6 ¶ 2.) Defendants objected. KDH sought an Order to Show Cause and Temporary Restraining Order to enjoin Defendants from effectuating the proposed restructuring and require Defendants to provide the documents previously requested. (See Dkt. Nos. 1, 5.) On April 27, 2020, the Court (Part I) granted the request. (See "TRO," Dkt. No. 9.) KDH was thus required to post a $20,000 injunction bond pursuant to Rule 65(c).

By letter dated May 1, 2020, Defendants sought immediate relief from the TRO and argued that KDH was unlikely to prevail at the preliminary injunction hearing. (See Dkt. No. 14.) In a telephone conference on May 5, 2020, the Court alerted the parties of its intent to construe the letter as a motion to dissolve the TRO pursuant to Federal Rule of Civil Procedure 65(b)(4) ("Rule 65(b)(4)"). (See Docket Minute Entry dated May 5, 2020.) Upon hearing the parties' arguments and reviewing the record, the Court found that injunctive relief was not merited. Specifically, the Court found that KDH had not made a sufficiently compelling showing of irreparable harm and further found that the balance of the

equities did not weigh in KDH's favor. Therefore, the Court granted the motion to dissolve the TRO pursuant to Rule 65(b)(4). (See Dkt. No. 18.)

On July 29, 2020, Defendants filed the Motion, which seeks disbursement of funds from the injunction bond posted by KDH. (Dkt. No. 41.)

B. THE PARTIES' ARGUMENTS

Defendants argue that they incurred significant costs and damages as a result of the wrongful TRO and are entitled to a presumption of recovery from the $20,000 injunction bond. Defendants allege that they incurred the following costs: (1) legal fees related to analyzing and attempting to comply with the TRO's production requirement; (2) legal fees related to analyzing the TRO's impact on the proposed restructuring; (3) legal fees for regulatory and compliance counsel to analyze how the TRO affected the various regulated entities named as defendants in the Amended Complaint; (4) loss in the form of time spent attempting to identify and locate materials responsive to the document-production request; (5) loss of business partnerships; and (6) loss in the form of reputational damage.

KDH opposes Defendants' motion for disbursement. KDH contends that Defendants were never wrongfully enjoined because Defendants proceeded with the proposed restructuring

3

while withholding documents, and because there has not been a final adjudication on the merits. KDH also argues that the majority of the costs Defendants allegedly incurred is unrecoverable attorneys' fees. It further asserts that any remaining costs have not been properly substantiated. Therefore, KDH argues that Defendants are not entitled to a presumption of recovery.

## II.  LEGAL STANDARD

The Second Circuit has held "that wrongfully enjoined parties are entitled to a presumption of recovery against the [Rule 65(c) injunction] bond for provable damages." Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 557 (2d Cir. 2011). However, in order to be entitled to a presumption of recovery, "the wrongfully enjoined party must first demonstrate that the damages sought were proximately caused by the wrongful injunction" and "must also properly substantiate the damages sought," though not necessarily to a mathematical certainty. Id. at 559.

Consistent with the purpose of an injunction bond, parties may recover only "the costs and damages incurred as a result of complying with a wrongful injunction." Id. at 560; see also Auto Driveway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC, 928 F.3d 670, 676 (7th Cir. 2019) ("Because defendants are likely to incur some costs in

4

*ensuring compliance* with this injunction . . . the risk of a wrongful injunction must be secured by [plaintiff]." (emphasis added)). Accordingly, attorneys' fees expended in litigating the injunction are not recoverable, although attorneys' fees "incurred in complying with the injunction" are. Nokia Corp., 645 F.3d at 560.

### III. DISCUSSION

The Court denies the Motion because Defendants have not shown that they are entitled to a presumption of recovery. As an initial matter, although the parties dispute whether Defendants were wrongfully restrained, the Court need not address this issue. The Court denies the Motion because the costs alleged are either not compliance-related or have not been properly substantiated.

First, of the costs for which Defendants seek to recover, only the costs relating to identifying responsive documents were plausibly incurred in order to comply with the TRO. The other alleged costs -- such as the legal fees related to analyzing the TRO's impact on restructuring and the various regulated entities named as defendants, the loss of business partnerships, and reputational damage -- are not recoverable against the injunction bond. Although these costs may have resulted from the TRO, they were not incurred to facilitate

Defendants' compliance with the TRO. See Nokia Corp., 645 F.3d at 560; Auto Driveway Franchise, 928 F.3d at 676.

Even as to the remaining costs, Defendants are not entitled to a presumption of recovery because those costs have not been properly substantiated. Buchanan attested to the fact that $8,800 in fees were paid to Barnes & Thornburg LLP, legal counsel who litigated the TRO and advised Defendants on the ordered document production. (Dkt. No. 42 ¶ 10.) But Defendants cannot recover attorneys' fees related to litigating the TRO, Nokia Corp., 645 F.3d at 560, and it is not apparent what portion of the $8,8000 funded the litigation and what portion funded document production. Similarly, although Buchanan averred that Defendants were required to spend time attempting to locate relevant documents, analyzing those documents, and coordinating their review and production, Defendants have not quantified this cost. While Defendants do not need to establish damages to a mathematical certainty, they must present some estimate of damages. Defendants have failed to do so.

## IV.  ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion filed by Defendants Iterative Capital Management L.P.; Iterative Capital GP, LLC; Iterative OTC, LLC; Iterative Mining, LLC; Brandon Buchanan; and

Christopher Dannen to recover the bond posted by Plaintiff KDH Consulting Group LLC pursuant to Rule 65(c) of the Federal Rules of Civil Procedure (Dkt. No. 41) is **DENIED**.

**SO ORDERED.**

Dated:    New York, New York
         9 November 2020

                                    _____
                                            Victor Marrero
                                               U.S.D.J.