UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KDH CONSULTING GROUP LLC,
                Plaintiff,

   – against –

ITERATIVE CAPITAL MANAGEMENT L.P., et al.,
                Defendants.

**1:20 Civ. 03274 (VM)**

**DECLARATION OF BRANDON BUCHANAN IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO RECOVER COSTS AND DAMAGES FROM PLAINTIFF'S TRO SECURITY**

-----------------------------------------------------------------X

I, Brandon Buchanan declare under penalty of perjury that the following is true and correct:

1. I am a resident of Florida. I am a Partner of Iterative Capital Management, L.P. I am also named personally as a defendant in this litigation. I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. On April 27, 2020, a temporary restraining order ("TRO") was issued against all Defendants in this action.

3. Upon learning of the TRO on April 27, I immediately sought to engage counsel on behalf of the Defendants. I conferred with counsel from the law firm handling the pending restructuring, Akin Gump Strauss Hauer & Feld LLP, and began identifying documents responsive the TRO's production requirement. I also contacted Plaintiff's counsel to understand what documents Plaintiff was looking for.

4. On April 28, 2020, I retained Barnes & Thornburg LLP to represent Defendants.

5. Throughout the day on April 28, April 29, and April 30, I was in frequent contact with my counsel discussing Defendants' response to the TRO and how to comply with the

document production requirement, including how to identify, gather, and provide responsive documents to Plaintiff.

6. In addition to time spent with counsel, I worked around the clock for days attempting to identify, locate, gather, and review documents and materials that were potentially responsive to the TRO. I got very little sleep during this highly stressful period.

7. I estimate that between April 27, when I received the TRO papers, through April 30, I spent approximately 30 hours attempting to comply with the TRO. This time is separate and apart from time spent focusing on our business, including dealing with employees, investors, and relationship partners.

8. These efforts were particularly difficult given the extremely broad scope of Plaintiff's requests and the fact that I and our entire team were working remotely due to COVID.

9. Attempting to quantify the value of the time I spent attempting to comply with Plaintiff's improper TRO is difficult as I do not charge an hourly rate. However, earlier in my career I did. By way of background, I am a graduate of Brown University and Harvard Law School. I began my career at WilmerHale in 2010 where I practiced securities litigation and private investment fund law. After that, I joined Credit Suisse as an investment banker in the M&A group. I then shifted towards venture capital, joining Gunderson Dettmer as an associate practicing venture capital law and finance. At that time, my billable rate was approximately $550 per hour.

10. Immediately prior to co-founding Iterative Capital, I was the Chief Operating Officer and General Counsel at Metamorphic Ventures (now called Compound) from July 2014 to November 2015. I gained additional valuable experience during that time.

11. It would be difficult to properly value my time at this point in my career, but using the rate when I last charged for my time seems appropriate as the work I did gathering documents

would otherwise have been done by our outside counsel.  Applying that rate to my time yields $16,500.

12.    This calculation does not, of course, encapsulate all of the damages incurred by the Defendants collectively in attempting to comply with the improper TRO's command to produce 17 broad categories of documents within such a short time frame in the middle of a pandemic. Attempting to comply created a serious distraction and reduced our ability to operate our businesses at a critical time when those businesses were under duress.  I do not know how to adequately articulate or quantify those damages, but they were real, material, and significant, and far greater than the $20,000 pledged by Plaintiff as security.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on December 11, 2020  
New York, New York                                        Brandon Buchanan