

Khurdayan PLLC
60 Broad Street, 24th Fl
New York, NY 10004
Tel. 917-210-1066

Rika Khurdayan, Esq.
rika@kstechlaw.com

**December 27, 2020**

TO: HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK
500 PEARL ST., SUITE 1610
NEW YORK, NY 10007

*VIA ECF*

RE: KDH CONSULTING GROUP LLC V. ITERATIVE CAPITAL MANAGEMENT L.P. ET AL.
<u>20-CV-03274 | RESPONSE TO DEFENDANTS' LETTER MOTION UNDER RULE 60</u>

Dear Honorable Judge Marrero:

Pursuant to the Court's direction, Dkt. 58 (time to respond extended by Dkt. 59), Plaintiff KDH Consulting Group LLC ("KDH" or "Plaintiff") submits this letter in response to Defendants' renewed motion to recover on KDH's TRO security ("Renewed Motion").

**1. First of all, Plaintiff's position is that the Renewed Motion is Defendants' improper second bite of the apple at a prejudice to Plaintiff**. There were no grounds for Defendants' relief from the original Order of this Court, dated November 9, 2020, denying Defendants' motion to recover the TRO security posted by Plaintiff. Particularly, in relevant part, there was no "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time …; … the judgment … [applying which] is no longer equitable; or (6) any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b). *See also*, *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934 (KMK), 2019 WL 498253, at *9 (S.D.N.Y. Feb. 8, 2019), *aff'd*, 798 F. App'x 682 (2d Cir. 2019) ("While Rule 60(b)(6) represents a grand reservoir of equitable power to do justice in a particular case, that reservoir is not bottomless and may only be tapped when the moving party demonstrates that extraordinary circumstances warrant relief. [Internal citations omitted.]"); *Midamines SPRL Ltd. v. KBC Bank NV*, No. 12-CV-8089 (RJS), 2015 WL 13746705, at *1 (S.D.N.Y. Feb. 3, 2015); *In re Rebeor*, 89 B.R. 314, 323–24 (Bankr. N.D.N.Y. 1988).

Defendants had ample opportunity to prepare and substantiate their original motion. Even if there was a neglect on Defendants' part, it is not excusable. Defendants and their experienced litigation counsel had all the related research, case law and documents in their possession, including the documents allegedly discovered to comply with the TRO. Such documents were never produced to Plaintiff or, under seal, to this Court to demonstrate Defendants' expenses allegedly incurred in compliance with the TRO. Instead, Defendants offered a patchwork of their alleged expenses, which

do relate to litigating TRO and this action and, thus, cannot be recovered in accordance with Defendants' own cited authority.

The U.S. Supreme Court set forth a four-factor balancing test for what constitutes excusable neglect under Rule 60 with the following factors to be considered (in no particular order or weight): (a) whether the delay in filing was within the reasonable control of the movant; (b) the length of the delay and the delay's potential impact on judicial proceedings; (c) the danger of prejudice to the non-moving party; and (d) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992). None of the appliable factors are favoring Defendants.

Defendants' neglect in failing to include the current supportive documents in the original motion is clearly not excusable: Defendants were in complete control of their case file, which is the most significant factor here. And now Plaintiff is being prejudiced by incurring additional expenses on relitigating its entitlement to the TRO bond, despite requesting the discharge of the TRO security in the original opposition. Defendants recent submission only showed that Defendants cannot state in good faith that they spent time going through all the demanded documents purely in compliance with the TRO and not to advance the TRO defense or litigate this matter.

**2. Second, Defendant's TRO compliance costs, even alleged in the Renewed Motion, are speculative and impossible to be discerned from the overall litigation strategy and related costs and, thus, are not recoverable under *Nokia*.** Defendants' renewed submission only shows expenses incurred by the litigation team, which may be attributable to litigating this matter, thus, Defendants fail to "properly substantiate the damages sought." *See Nokia Corp. v. Interdigital, Inc.*, 645 F.3d 553, 559 (2d Cir. 2011). For instance, the calls with this office discussing limiting the TRO scope and extending time to produce, as well as Defendants' self-proclaimed attempts to locate documents, were not part of the TRO compliance and rather were a part of Defendants' litigation strategy either to (a) study case materials, which Defendants should have done in any case or (b) defend the case and move to lift the TRO, with which Defendants never complied.

The only case cited in the Renewed Motion, *Nokia*, is clearly distinguishable from this matter. In *Nokia*, the preliminary injunction required the defendant to take actions in a parallel legal proceeding as a direct and specific consequence of the injunction. *See id.* at 560. The Second Circuit described these as fees "incurred in complying with the injunction" and explained that "[r]ecovery of such costs, incurred in collateral proceedings required by the terms of a wrongful injunction, does not contravene the American Rule or its Rule 65(c) analogue." *Id.*

Here, there were no collateral proceedings and all the Defendants' alleged costs are related to this litigation and, thus, are not recoverable. Unlike the fees incurred in *Nokia*, the fees that Defendants seek here are a prototypical example of "attorney's fees expended in litigating the injunction" or this action generally. *Id.* If time spent advising a client on the scope and application of a TRO, locating and studying the case materials were recoverable under Rule 65(c), attorneys' fees would be recoverable in nearly every case, thereby vitiating the "long established" general rule recognized in *Nokia* that attorneys' fees are not recoverable under Rule 65(c).

**3. Defendants should have searched for the documents even without a TRO or this action.** Moreover, Defendants' proposed restructuring was an offering of securities, and Defendants should have provided material information about such offering to the investors, including Plaintiff. Except, unlike in a typical offering of securities, here Plaintiff cannot merely decline to invest without being excluded as an investor in the Defendants' fund and sustaining other substantial damages, as

alleged in the Complaint and demonstrated in the documents in support of the TRO and a preliminary injunction.

Defendants required investors to acknowledge the following:

"The Investor agrees that he/she has had sufficient opportunity to (i) review and understand the materials relating to the Proposed Transactions, including, but not limited to, those sections of the attached Consent and Disclosure Letter dealing with risk factors, conflicts of interest, expenses (including, but not limited to, associated transaction expenses), and tax consequences of the Proposed Transactions, (ii) ask questions of, and receive answers from, the Investment Manager or its affiliates relating to all materials provided in connection with the Proposed Transactions, and (iii) obtain any additional information that the Investment Manager can acquire without unreasonable effort or expense…" Dkt. 8-12 at p. 9.

However, Defendants repeatedly refused to provide information requested by Plaintiff. Notably, Defendants contradicted themselves within the same set of documents stating that "[t]he information in this letter and the attached Consent and Disclosure Letter comprise all of the material information that will be provided by Iterative." Dkt. 8-12 at p. 4. KDH's demand for inspection of additional documents was reasonable and warranted not under the investment terms and Delaware Revised Uniform Limited Partnership Act § 17-305. It is unfair to deduct such costs from Plaintiff's TRO security posted with this Court. *See Stern v. S. Chester Tube Co.*, 390 U.S. 606, 610, 88 S. Ct. 1332, 1334, 20 L. Ed. 2d 177 (1968) ("District Court here does have power to issue the proper orders to enforce petitioner's state-granted right to inspect the corporate records.")

4. **Finally, Plaintiff reiterates that it is appropriate for the Court to discharge the TRO security following a determination that there cannot be any recovery from the security**. *See Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK, 2012 WL 1080288, at *2 (S.D.N.Y. Apr. 2, 2012) (exonerating and discharging a bond following a finding that a preliminary injunction could not have "caused any injury to the defendants for which they are able to recover.")

Sincerely,

Rika Khurdayan

cc: Robert Boller
BARNES & THORNBURG LLP
Counsel for the Defendants
445 Park Avenue, Suite 700
New York, NY 10022
rboller@btlaw.com