

Khurdayan PLLC
60 Broad Street, 24th Fl
New York, NY 10004
Tel. 917-210-1066

Rika Khurdayan, Esq.
rika@kstechlaw.com

**March 24, 2021**

To: Honorable Victor Marrero
United States District Judge
Southern District Of New York
500 Pearl St, Suite 1610
New York, NY 10007

*VIA ECF AND EMAIL*

RE: **20-CV-03274 | KDH Consulting Group LLC ("Plaintiff" or "KDH") v. Iterative Capital Management L.P. ("Partnership" or "Fund") et al. (collectively, "Defendants")**
<u>**Request for Leave to Address Defendants' Bad Faith and Refusal to Distribute Plaintiff's *Pro Rata* Share of the Partnership's Assets**</u>

Dear Judge Marrero:

Plaintiff respectfully submits this letter to inform the Court that Defendants continue to withhold Plaintiff's remaining capital account balance despite being forcibly removed from the Partnership and asks the Court's permission to seek, by an order to show cause if appropriate, the immediate return of KDH's *pro rata* share of the Fund's assets, as well as other appropriate relief.

It has been over 10 months since the claimed restructuring in April-May of 2020 and forcible removal of Plaintiff from the Partnership. Yet, to date, Defendants continue to ignore Plaintiff's requests for distributing Plaintiff's *pro rata* share of the Partnership assets. This is despite the in-kind distribution calculated and redeemed by Defendants themselves and, upon information and belief, the Fund's dissolution.

As Defendants themselves submitted to this Court, Defendants were to complete the Partnership's restructuring and dissolution as of April 28, 2020, and "provided each investor with three choices: (1) convert its Partnership interest to an interest in a new vehicle structured as a limited liability company, (2) redeem its Partnership interest and receive cash equal to the value of its pro rata share of the Partnership's assets, or (3) redeem its Partnership interest and receive an in-kind distribution of the limited partner's pro rata share of Partnership assets." Buchanan Decl. dated July 29, 2020, ¶3 (Dkt. No. 42); *see also* Dkt. No. 14 at p.1.

The Court took these options into consideration dissolving Plaintiff's TRO and ruling that injunctive relief was not merited because KDH had not made a sufficiently compelling showing of irreparable harm and further found that the balance of the equities did not weigh in KDH's favor. (Dkt. No. 28 at p. 6 *et seq*.)

The first two choices required existing investors to consent to restructuring, consent to new terms of investment and, essentially, ratify Defendants actions prior to such restructuring. Unable to receive material information about the restructuring and unwilling to ratify Defendants' fraudulent and oppressive conduct, Plaintiff withheld its consent.

On May 8, 2020, Defendants informed KDH that its "limited partnership interest has been effectively redeemed as of April 28, 2020" *See* Exhibit A attached hereto.

Defendants themselves admitted, redeemed and calculated KDH's liquidation distribution, as of April 28, 2020, and provided Plaintiff with a list of the digital assets and mining equipment constituting KDH's in-kind distribution. *See* Exhibit A. At the same time, Defendants failed to account to KDH whether Defendants used KDH's digital assets in any way, whether Defendants segregated them from other assets, who had custody of the assets, whether Plaintiff's *pro rata* share of the mining equipment was unplugged and segregated from the rest of the mining operations, or whether Defendants continued to utilize Plaintiff's equipment for their new mining venture. Instead, Defendants vaguely stated that KDH's in-kind proceeds "are being held pending resolution of the current litigation in accordance with the terms of the limited partnership agreement."[1] *See* Exhibit A.

It is respectfully submitted that Defendants' position is baseless as (1) the TRO providing among other things the freeze on Defendant's restructuring and in-kind distributions was dissolved on May 20, 2020; (2) there is nothing in the partnership agreement providing basis such conduct; and (3) Defendants' counsel stated that he believes that the Partnership has been restructured and dissolved and, pursuant to Delaware law, "a partner is entitled to receive from a limited partnership distributions before withdrawing from the limited partnership and before the dissolution and winding up thereof." *S.E.C. v. Aragon Cap. Advisors, LLC,* No. 07 CIV.919 FM, 2011 WL 3278907, at *19 (S.D.N.Y. July 26, 2011) *citing* 6 Del. C. § 17–601. Defendants attempt to use this litigation as an excuse for withholding KDH's assets, while the current value of such assets amounts to the majority of KDH's original investment into the Partnership that KDH is trying to recoup. However, the nature of the assets is such that (1) the value of *pro rata* share of the cryptocurrencies withheld by Defendants is subject to volatile and sudden fluctuations, and (2) the *pro rata* share of the mining equipment is subject to drastic and rapid depreciation. By continuing to act in bad faith, Defendants needlessly increase the cost of litigation not only for Plaintiff, but also for Defendants' existing investors. Defendants refuse to state legal basis for withholding Plaintiff's assets and advance a legal position that this lawsuit somehow prevents Defendants from distributing Plaintiff's remainder of the capital account in-kind.

Recently, Plaintiff has, again, informed Defendants of the issue and requested the immediate distribution of KDH's redeemed assets as calculated by Defendants. Exhibit B – Email correspondence dated March 16, 2021, attached hereto. No response or any substantiation of Defendants' position followed to date.

---

[1] While the Court rejected it has jurisdiction over the contractual claims, it is respectfully submitted that the Partnership agreement contains no provisions authorizing the withholding of investor's interest post a limited partner's withdrawal and the fund's dissolution/restructuring. It remains unclear which entity or trustee is holding KDH's dissolution proceeds, if the fund has in fact been dissolved.

Therefore, Plaintiff respectfully asks for the Court's leave to seek appropriate relief from Defendant's unfounded and bad faith conduct in this action.

Sincerely,

Rika Khurdayan

cc: Robert Boller
BARNES & THORNBURG LLP
Counsel for the Defendants
445 Park Avenue, Suite 700
New York, NY 10022
rboller@btlaw.com