**BARNES & THORNBURG LLP**

445 Park Avenue, Suite 700
New York, NY 10022-8634 U.S.A.
(646) 746-2000
Fax (646) 746-2001

www.btlaw.com

Robert J. Boller
Partner
(646) 746-2020
robert.boller@btlaw.com

March 25, 2021

**VIA ECF**

Honorable Victor Marrero, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *KDH Consulting Group LLC v. Iterative Capital Mgm't L.P. et al*, 20-3274 (VM)

Judge Marrero:

This firm represents the Defendants in the above-referenced litigation. We write in response to the letter filed by Plaintiff yesterday, March 24, seeking permission to move by Order to Show Cause for a mandatory injunction requiring distribution of KDH's *pro rata* share of Partnership assets. For the reasons laid out below, Defendants respectfully submit that Plaintiff's request should be denied.

**First**, there is nothing improper about Defendants withholding Plaintiffs' in-kind distribution. On the contrary, the Limited Partnership Agreement ("LPA") [Dkt. 27, Ex. B] ***required*** Defendants to allocate the costs of defending this litigation to KDH itself. Specifically, Section 3.5(c) of the LPA (reproduced in relevant part at Exhibit A hereto) provides that Partnership expenses incurred "on behalf of, or by reason of particular circumstances applicable to" an individual limited partner will be allocated to—and deducted from—that limited partner's individual capital account, rather than being borne ratably by the other partners.

Additionally, Section 3.6 of the LPA gives the General Partner the right to create reserves against limited partners' capital accounts to cover contingent liabilities or probable losses (*see* Ex. A) and Section 5.5(b)(vii) (reproduced in relevant part at Exhibit B hereto) provides that any capital account distributions due upon withdrawal are subject to setoff and holdback against capital account expense allocations and contingency reserves. Defendants were, and remain, well within their rights to withhold KDH's distribution in accordance with the terms of the LPA.

**Second**, any dispute between the parties regarding Defendants' withholding of KDH's distribution can only be heard in the Delaware Chancery Court. As the Court previously ruled, the forum-selection clause in Section 8.5 of the LPA requires that state law claims arising under the LPA be litigated in the Delaware Chancery Court. [Dkt. 37, 18-27.] That conclusion applies equally here. If KDH wants to challenge Defendants' invocation of their expense allocation and setoff rights, it must do so in Delaware.

**Third**, KDH cannot meet the standard for an injunction, which would require a showing of "(1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of

Hon. Victor Marrero, U.S.D.J.
*KDH Consulting Group LLC v. Iterative Capital Mgm't L.P. et al*, 20-3274 (VM)
March 25, 2021
Page 2

hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks omitted).

    As with its prior request for preliminary injunction, which was denied, the harm alleged by KDH here is purely economic.  And once again, Plaintiff has shown no urgency whatsoever.  As the documents demonstrate and KDH freely admits, Defendants advised Plaintiff in writing over 10 months ago that its capital account distribution was being withheld in accordance with the LPA.  KDH has only recently raised an issue regarding that withholding.  But Plaintiff cannot justify a demand for emergency relief now to resolve an issue it has known about for close to a year.

    For all of the foregoing reasons, Defendants respectfully submit that Plaintiff's request for leave to seek another mandatory injunction should be denied.

Sincerely,

*Robert Boller*

Robert J. Boller

cc: Rika Khurdayan, Esq.

**BARNES & THORNBURG** LLP