UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................x
                                               :
KDH Consulting Group LLC, directly and derivatively on :
behalf of ITERATIVE CAPITAL L.P.,              :     19-cv-3274 (VM)
                                               :
                    Plaintiff,                 :
                                               :     **ANSWER TO FIRST**
           - against –                         :     **AMENDED COMPLAINT**
                                               :
ITERATIVE CAPITAL MANAGEMENT                   :
L.P., ITERATIVE CAPITAL GP, LLC,               :
BRANDON BUCHANAN and                           :
CHRISTOPHER DANNEN,                            :
                                               :
                    Defendants.                :
...............................................x

Defendants Iterative Capital Management, L.P., Iterative Capital GP, LLC, Brandon

Buchanan and Christopher Dannen (collectively, "Defendants"), by and through their attorneys,

Barnes & Thornburg LLP, hereby answer the First Amended Complaint (the "FAC") filed by

KDH Consulting Group LLC ("KDH") as set forth below.  Defendants further state that any

allegation in the FAC that is not expressly admitted below is denied.

Defendants note that, pursuant to the Court's June 29, 2020 Decision & Order (Docket 37)

(the "June 2020 Order"), Counts Three through Twelve of the original Complaint in this action—

including KDH's Investment Advisers Act claims and its state and common-law claims for breach

of fiduciary duty, fraud, and breach of the Limited Partnership Agreement (Docket 27 Ex. B) (the

"LPA")—were dismissed with prejudice.  Counts One and Two, which sought to recover under

Section 10(b) and Section 20 of the Securities Exchange Act, were dismissed without prejudice,

with Plaintiff having leave to re-plead.

Defendants note further that, on July 20, 2020, Plaintiff filed the FAC, which asserts two

causes of action, arising under Section 10(b) and Section 20 of the Securities Exchange Act,

respectively.  Pursuant to the Court's March 23, 2021 Decision & Order (Docket 65) (the "March 2021 Order"), Counts One and Two were dismissed with prejudice against Iterative OTC LLC (d/b/a "I2 Trading" and "Escher") ("OTC") and Iterative Mining, LLC ("Mining").  Accordingly, the only remaining Defendants in this lawsuit are: Iterative Capital Management, L.P., Iterative Capital GP, LLC, Brandon Buchanan, and Christopher Dannen.  Additionally, in the March 2021 Order, the Court held that Plaintiff may not rely on alleged misstatements or omissions which post-date KDH's January 2018 investment in the Master Funds to support Plaintiff's two remaining Exchange Act claims.

Plaintiff chose not to further amend the FAC in light of the March 2021 Order.  Accordingly, and as discussed below, certain of the Paragraphs in the FAC relate to claims and/or defendants that have been dismissed or to alleged misstatements and/or omissions that the Court has deemed nonactionable.

## ANSWER

Defendants respond to the specific averments and individually-numbered paragraphs of the FAC as follows:

### NATURE AND SUMMARY OF THE ACTION

1.      Defendants deny the allegations set forth in Paragraph 1.

2.      Defendants note that Paragraph 2 is ambiguous in various respects, including (a) it is unclear to whom the pronoun "their" applies and (b) on its face, Paragraph 2 appears to allege that Defendant Dannen was offering to invest in a fund, and Defendants deny the allegations in Paragraph 2 on those grounds.  Defendants further state that Mr. Dannen met with the principals of KDH in late 2017, during which meeting they discussed successful prior investments managed

by Defendant Iterative Capital Management, L.P.  Defendants deny the remaining allegations set forth in Paragraph 2.

3.    Defendants deny the allegations set forth in Paragraph 3.

4.    Defendants deny the allegations set forth in Paragraph 4.

5.    Defendants deny the allegations set forth in Paragraph 5.

6.    Defendants deny the allegations set forth in Paragraph 6.

7.    Defendants deny the allegations set forth in Paragraph 7.

8.    Paragraph 8 purports to recite portions of disclosures contained in a March 1, 2020 communication from Defendants.  Defendants respectfully refer the Court to the March 1, 2020 communication itself for a true and complete statement of its contents, state that the March 1, 2020 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.  Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 8.

9.    Defendants deny the allegations set forth in Paragraph 9.

10.   Defendants deny the allegations set forth in Paragraph 10.

11.   Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the allegations set forth in Paragraph 11.

12.   Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the allegations set forth in Paragraph 12.

13.   Defendants admit that the price of various cryptocurrencies decreased in 2018. Defendants deny the remaining allegations set forth in Paragraph 13.

14.   Paragraph 14 purports to recite the substance of an undated discussion between Plaintiff and Defendant Buchanan that post-dated KDH's investment and therefore cannot be

3

relied upon to support either Count One or Count Two.  Accordingly, no response to Paragraph 14 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 14.

15.     Defendants admit that they attempted to meet with KDH in 2018 but were unsuccessful.  Defendants deny the remaining allegations in Paragraph 15.

16.     Paragraph 16 purports to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 16 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intent in investing with Defendants, and therefore deny same.  The remaining allegations in Paragraph 17 purport to identify alleged misrepresentations and omissions that post-date KDH's investment and appear intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 17 is required.  To the extent a response is required, Defendants admit that Iterative Mining Master, L.P., purchased mining equipment as contemplated in the Private Placement Memorandum ("PPM") (Docket 27 Ex. C) and discussed with investors, and deny the remainder of the allegations in Paragraph 17.

18.     Paragraph 18 contains a legal conclusion to which no response is required, and on that basis Defendants deny the allegations contained therein.

19.     Defendants admit that certain of the Master Funds' assets were placed into a side-pocket as contemplated in the PPM and as discussed with investors.  Defendants deny the remaining allegations set forth in Paragraph 19.

20.     Paragraph 20 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 20 is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 20.

21.     Paragraph 21 purports to recite portions of a December 2019 communication from Defendants.  Defendants respectfully refer the Court to the December 2019 communication itself for a true and complete statement of its contents, state that the December 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it. Defendants further state that Paragraph 21 appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 21 is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 21.

22.     Paragraph 22 purports to recite portions of a December 2019 communication from Defendants.  Defendants respectfully refer the Court to the December 2019 communication itself for a true and complete statement of its contents, state that the December 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it. Defendants further state that Paragraph 22 appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 22 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 22.

23.     Paragraph 23 purports to recite portions of a March 2020 communication from Defendants.  Defendants respectfully refer the Court to the March 2020 communication itself for a true and complete statement of its contents, state that the March 2020 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.  Defendants further state that Paragraph 23 appears intended to support claims that have been dismissed.  Accordingly,

no response to Paragraph 23 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 23.

24.    Paragraph 24 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 24 is required.  To the extent an response is required, Defendants admit that Plaintiffs sent a request for books and records and Defendants deny that the request complied with the terms of the LPA or the relevant provisions of the Delaware Revised Uniform Limited Partnership Act.  Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants deny the allegations set forth in Paragraph 25.

26.    Defendants deny that Plaintiff's emergency action by order to show cause was appropriate, and further note that the Court dissolved the temporary restraining order and denied Plaintiff a preliminary injunction.  Defendants deny the remaining allegations set forth in Paragraph 26.

27.    Defendants deny the allegations set forth in Paragraph 27.

28.    Defendants deny the allegations set forth in Paragraph 28.

## **PARTIES**

29.    Upon information and belief, Defendants admit the allegations set forth in Paragraph 29.

30.    Defendants admit the allegations set forth in Paragraph 30.

31.    Defendants admit the allegations set forth in Paragraph 31.

32.    Pursuant to the March 2021 Order, all claims against OTC have been dismissed.

33.    Pursuant to the March 2021 Order, all claims against Mining have been dismissed.

34.    Defendants admit that Brandon Buchanan is a principal of Iterative.  Defendants deny that he is a resident of New York.

35.     Defendants admit that Christopher Dannen is a principal of Iterative.  Defendants deny that he is a resident of New York.

36.     Defendants admit the allegations set forth in Paragraph 36.

37.     Pursuant to the March 2021 Order, all claims against OTC and Mining have been dismissed.

## JURISDICTION AND VENUE

38.     Paragraph 38 contains a legal conclusion to which no response is required, and on that basis Defendants deny the remaining allegations contained therein.

39.     Defendants deny that Mr. Dannen and Mr. Buchanan "promot[ed] fictitious profits" and that Mr. Dannen and Mr. Buchanan are residents of New York.  Paragraph 39 contains a legal conclusion to which no response is required, and on that basis Defendants deny the allegations contained therein.

## FACTUAL BACKGROUND RELEVANT TO ALL CAUSES OF ACTION

40.     Defendants deny the allegations set forth in Paragraph 40.

41.     Defendants admit the allegations set forth in Paragraph 41.  Pursuant to the March 2021 Order, all claims against OTC and Mining have been dismissed.

**I.      Defendants Made Several Material Misrepresentations to Induce Plaintiff to Invest in the Fund Complex and Stalled Early Withdrawal Requests**

42.     Defendants admit that the principals of KDH were introduced to Mr. Buchanan and Mr. Dannen through a mutual acquaintance, and that Mr. Dannen met with the members of KDH to discuss their possible investment in the Master Funds.  Defendants deny the remaining allegations set forth in Paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the allegations set forth in Paragraph 43.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the allegations set forth in Paragraph 44.

45.     Defendants admit that the two prior investments managed by Defendants and identified in Paragraph 45 were successful.  Defendants deny the remaining allegations set forth in Paragraph 45.

46.     Defendants deny the allegations set forth in Paragraph 46.

47.     Defendants deny the allegations set forth in Paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the allegations set forth in Paragraph 48.

49.     Defendants deny that Mr. Dannen made misrepresentations or omissions. Defendants further state that Paragraph 49 purports to recite portions of the PPM.  Defendants respectfully refer the Court to the PPM itself for a true and complete statements of its contents, state that the PPM speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.  Accordingly, no response to Paragraph 49 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 49.

50.     Paragraph 50 purports to recite portions of February and April 2020 communications from Defendants.  Defendants respectfully refer the Court to the February and April 2020 communications themselves for true and complete statements of their contents, state that the communications speak for themselves, and deny that Plaintiff has accurately and/or completely summarized those communications.  Defendants state further that Paragraph 50 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.  Accordingly, no response to

Paragraph 50 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 50.

51.     Defendants deny the allegations set forth in Paragraph 51.

52.     Paragraph 52 purports to recite from, summarize, and describe portions of the PPM. Defendants respectfully refer the Court to the PPM itself for a true and complete statement of its contents, state that the PPM speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.  Defendants deny the remaining allegations set forth in Paragraph 52.

53.     Paragraph 53 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 53 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 53.

54.     Paragraph 54 purports to recite portions of the PPM.  Defendants respectfully refer the Court to the PPM itself for a true and complete statement of its contents, state that the PPM speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.

55.     Paragraph 55 purports to recite portions of the PPM.  Defendants respectfully refer the Court to the PPM itself for a true and complete statement of its contents, state that the PPM speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.

56.     Defendants admit that Plaintiff subscribed and became a limited partner in Iterative Capital, L.P.  Defendants deny the remaining allegations set forth in Paragraph 56.

57.     Defendants deny the allegations set forth in Paragraph 57.

58.     Defendants admit Plaintiff attempted personal delivery of KDH's investment on or about January 5, 2018.  Defendants deny the remaining allegations set forth in Paragraph 58.

59.     Paragraph 59 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 59 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 59.

60.     Defendants deny the allegations set forth in Paragraph 60.

61.     Defendants admit the price of various cryptocurrencies, including Bitcoin, decreased in 2018.  Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 61.

62.     Defendants admit that Plaintiff contacted Mr. Buchanan and Mr. Dannen to request information regarding withdrawal of funds in 2018.  Defendants deny that they they failed to report on the partnership's operations and investments.  Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the remaining allegations set forth in Paragraph 62.

63.     Paragraph 63 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 63 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 63, except Defendants admit that Defendants spoke with KDH's principals after they invested in the partnership.

64.     Paragraph 64 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 64 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 64.

65.     Defendants deny that they did not mention the Master Funds' mining strategy, as described at length in the PPM, when soliciting KDH's investment.  Defendants state further that

the remainder of Paragraph 65 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to the remainder of Paragraph 65 is required.  To the extent that a response is required, Defendants deny the remaining allegations set forth in Paragraph 65.

66.     Paragraph 66 appears to identify alleged misrepresentations and omissions that post-date KDH's investment.  Accordingly, no response to Paragraph 66 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 66.

67.     Paragraph 67 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to the remainder of Paragraph 67 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 67.

68.     Paragraph 68 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to the remainder of Paragraph 68 is required.  To the extent that a response is required, Defendants admit that they attempted to meet with the members of KDH on multiple occasions in 2018 and deny the remaining allegations set forth in Paragraph 68.

## II.     Defendants Substantially Deviated from Stated Investment Strategy Changing the Nature of the Fund and Engaged in Destructive Self-Dealing

69.     Paragraph 69 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to the remainder of Paragraph 69 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 69.

70.     Paragraph 70 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.

Accordingly, no response to the remainder of Paragraph 70 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 70.

71.     Paragraph 71 purports to recite portions of various communication from Defendants.  Defendants respectfully refer the Court to those communication themselves for a true and complete statement of their contents, state that the communications speak for themselves, and deny that Plaintiff has accurately and/or completely summarized them.  Defendants state further that Paragraph 71 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 71 is required.  To the extent that a response is required, Defendants admit purchasing mining equipment to generate cryptocurrency as contemplated in the PPM and conversations with investors and deny the remainder of the allegations in Paragraph 71.

72.     Paragraph 72 appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 72 is required.  To the extent that a response is required, Defendants admit that certain of the Master Funds' assets were placed into a side pocket as contemplated in the PPM and conversations with investors, and deny the remaining allegations set forth in Paragraph 72.

73.     Defendants deny the allegations set forth in Paragraph 73.

74.     Paragraph 74 appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 74 is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph 74.

75.     Paragraph 75 appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 75 is required.  To the extent that a response is required,

Defendants admit that they provided adequate reporting and deny the remaining allegations set forth in Paragraph 75.

76.     Paragraph 76 appears to identify alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 76 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 76.

77.     Paragraph 77 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 77 is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph 77.

78.     Defendants admit that Plaintiff's agent sent the email quoted in Paragraph 78.

79.     Paragraph 79 purports to recite portions of a February 2019 communication from Defendants.  Defendants respectfully refer the Court to the February 2019 communication itself for a true and complete statement of its contents, state that the February 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication.   Plaintiffs state further that Paragraph 79 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 79 is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 79.

80.     Paragraph 80 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 80 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 80.

81.     Paragraph 81 purports to recite portions of a March 2019 communication from Defendants.  Defendants respectfully refer the Court to the March 2019 communication itself for a true and complete statement of its contents, state that the March 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Defendants state further that Paragraph 81 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 81 is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph 81.

82.     Paragraph 82 purports to recite portions of a March 31, 2019 communication from Defendants.  Defendants respectfully refer the Court to the March 31, 2019 communication itself for a true and complete statement of its contents, state that the March 31, 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication.   Plaintiffs state further that Paragraph 82 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 82 is required. To the extent a response to Paragraph 82 is required, Defendants deny the allegations in Paragraph 82.

83.     Paragraph 83 purports to recite portions of a May 2019 communication from Defendants.  Defendants respectfully refer the Court to the May 2019 communication itself for a true and complete statement of its contents, state that the May 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Defendants state further that Paragraph 83 appears intended to support claims that have been

dismissed.   Accordingly, no response to Paragraph 83 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 83.

84.     Paragraph 84 purports to recite portions of a June 2019 communication from Defendants.  Defendants respectfully refer the Court to the June 2019 communication itself for a true and complete statement of its contents, state that the June 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Defendants state further that Paragraph 84 appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 84 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 84 except admit that they began reporting quarterly in 2019.

85.     Paragraph 85 appears to characterize a portion of an "end of summer 2019" communication from Defendants.  Without further identification of the parties involved in this alleged communication or when it took place, Defendants cannot be sure to what Paragraph 85 refers and therefore deny the allegations in Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding its investment expectations, and therefore deny same. Defendants deny the remaining allegations set forth in Paragraph 86.

**III.    Conflict of Interest and Self-Dealing with Affiliated Businesses**

87.     Defendants deny the characterization of the investment strategy.  Defendants state further that Paragraph 87 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 87 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 87.

88.     Defendants deny the omission alleged in Paragraph 88.  Paragraph 88 purports to recite portions of the PPM.  Defendants respectfully refer the Court to the PPM itself for a true and complete statements of its contents, state that the PPM speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.  Defendants state further that Paragraph 88 appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 88 is required.  To the extent that a response is required, Defendants deny the remaining allegations set forth in Paragraph 88.

89.     Paragraph 89 purports to recite portions of the PPM.  Defendants respectfully refer the Court to the PPM itself for a true and complete statement of its contents, state that the PPM speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.

90.     Paragraph 90 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 90 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 90.

91.     Paragraph 91 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 91 is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 91.

92.     Paragraph 92 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 92 is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 92.

93.     Paragraph 93 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 93 is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 93.

94.     Paragraph 94 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 94 is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 94.

95.     Paragraph 95 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 95 is required.  To the extent a response to Paragraph 95 is required, Defendants deny the allegations in Paragraph 95.

96.     Paragraph 96 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 96 is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 96.

97.     Paragraph 97 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 97 is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 97.

98.     Paragraph 98 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 98 is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 98.

## IV.     Defendants' Coercive Restructuring Continued Self-Dealing and Forced Sale of Plaintiff's Limited Partnership Interests

99.     Paragraph 99 purports to recite portions of a December 2019 communication from Defendants.  Defendants respectfully refer the Court to the December 2019 communication itself for a true and complete statement of its contents, state that the December 2019 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication.  Additionally, Defendants state that Paragraph 99 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to

support claims that have been dismissed.   Accordingly, no response to Paragraph 99 is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 99.

100.     Paragraph 100 purports to recite portions of a February 2020 communication from Defendants.  Defendants respectfully refer the Court to the February 2020 communication itself for a true and complete statement of its contents, state that the February 2020 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication.  Additionally, Defendants state that Paragraph 100 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 100 is required. To the extent a response to Paragraph 100 is required, Defendants deny the allegations in Paragraph 100.

101.     Paragraph 101 purports to recite portions of a March 2020 communication from Defendants.  Defendants respectfully refer the Court to the March 2020 communication itself for a true and complete statement of its contents, state that the March 2020 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Additionally, Defendants state that Paragraph 101 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 101 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 101.

102.     Defendants deny the allegations set forth in Paragraph 102.

103.     Paragraph 103 purports to recite portions of an April 2020 communication from Defendants.  Defendants respectfully refer the Court to the April 2020 communication itself for a true and complete statement of its contents, state that the April 2020 communication speaks for

itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Additionally, Defendants state that Paragraph 103 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 103 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 103.

104.    Paragraph 104 purports to recite portions of an April 2020 communication from Defendants.  Defendants respectfully refer the Court to the April 2020 communication itself for a true and complete statement of its contents, state that the April 2020 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Additionally, Defendants state that Paragraph 104 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 104 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 104.

105.    Paragraph 105 purports to recite portions of an April 2020 communication from Defendants.  Defendants respectfully refer the Court to the April 2020 communication itself for a true and complete statement of its contents, state that the April 2020 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Additionally, Defendants state that Paragraph 105 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 105 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 105.

106.    Paragraph 106 purports to recite portions of an April 2020 communication from Defendants.  Defendants respectfully refer the Court to the April 2020 communication itself for a

true and complete statement of its contents, state that the April 2020 communication speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Additionally, Defendants state that Paragraph 106 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no response to Paragraph 106 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 106.

107.   Defendants deny the allegations set forth in Paragraph 107.

108.   Paragraph 108 purports to recite portions of a March 19, 2020 email from Defendant Buchanan.  Defendants respectfully refer the Court to the March 19, 2020 email itself for a true and complete statement of its contents, state that the March 19, 2020 email speaks for itself, and deny that Plaintiff has accurately and/or completely summarized the communication. Additionally, Defendants state that Paragraph 108 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 108 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 108.

109.   A portion of Paragraph 109 contains what appear to be counsel's drafting notes, to which no response is necessary.  The remainder of Paragraph 109 purports to recite portions of communications from Defendants dated December 31, 2019 and May 8, 2020.   Defendants respectfully refer the Court to those communications themselves for a true and complete statement of their contents, state that the communications speak for themselves, and deny that Plaintiff has accurately and/or completely summarized the communication.  Additionally, Defendants state that Paragraph 109 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.   Accordingly, no

response to Paragraph 109 is required.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 109.

110.    Paragraph 110 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 110 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 110.

111.    Paragraph 111 contains a legal conclusion to which no response is required, and on that basis Defendants deny the allegations contained therein.

112.    Defendants deny the allegation set forth in Paragraph 112.

**FIRST CLAIM FOR RELIEF**
**(for Violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 Thereunder)**

113.    Defendants reincorporate their answers to Paragraphs 1 through 112 as if fully restated herein.

114.    Defendants deny the allegations set forth in Paragraph 114.

115.    Paragraph 115 purports to recite portions of the PPM and communications from Defendants in February, April, and December of 2020.  Defendants respectfully refer the Court to the PPM and the communications themselves for true and complete statements of their contents, and state that the PPM and communications speak for themselves.  Defendants deny that Plaintiff has accurately and/or completely summarized them.  Additionally, Defendants state that Paragraph 115 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed.  Accordingly, no response to Paragraph 115 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 115.

116.     Paragraph 116 purports to recite portions of the PPM.  Defendants respectfully refer the Court to the PPM itself for a true and complete statements of its contents, state that the PPM speaks for itself, and deny that Plaintiff has accurately and/or completely summarized it.

117.     Defendants deny the allegations set forth in Paragraph 117.

118.     Defendants deny the allegations set forth in Paragraph 118.

119.     Defendants deny the allegations set forth in Paragraph 119.

120.     Defendants deny the allegations set forth in Paragraph 120.

121.     Defendants deny the allegations set forth in Paragraph 121.

122.     Paragraph 122 appears to refer to alleged misrepresentations and omissions that post-date KDH's investment and appears intended to support claims that have been dismissed. Defendants deny the allegations set forth in Paragraph 122.  Accordingly, no response to Paragraph 122 is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 122.

123.     Defendants deny the allegations set forth in Paragraph 123.

124.     Defendants deny the allegations set forth in Paragraph 124.

125.     Defendants deny the allegations set forth in Paragraph 125.

126.     Defendants deny the allegations set forth in Paragraph 126.

127.     Defendants lack knowledge or information sufficient to form a belief as to the truth of, and therefore deny, the allegations set forth in Paragraph 127.

128.     Defendants deny the allegations set forth in Paragraph 128.

## SECOND CLAIM FOR RELIEF
**(against individual Defendants for Violations of Securities Exchange Act § 20(a))**

129.     Defendants incorporate by reference their responses to paragraphs 1–128 as if fully set forth herein.

130.     Defendants admit the allegations set forth in Paragraph 130.

131.     Paragraph 131 appears intended to support claims that have been dismissed. Accordingly, no response to Paragraph 131 is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 131.

132.     Defendants admit the allegations set forth in Paragraph 132.

133.     Defendants deny the allegations set forth in Paragraph 133.

134.     Defendants deny the allegations set forth in Paragraph 133.

135.     Paragraph 135 contains a legal conclusion to which no response is required, and on that basis Defendants deny the allegations contained therein.

136.     Defendants deny the allegations set forth in Paragraph 136.

137.     Defendants deny the allegations set forth in Paragraph 137.

138.     Defendants deny the allegations set forth in Paragraph 138.

**WHEREFORE**, Defendants admit that the FAC contains a demand for a trial by jury, to which no response is required.  Defendants further deny that Plaintiff is entitled to any relief whatsoever, and respectfully requests that the Court enter an order dismissing the case with prejudice and for such other and further relief that the Court deems proper.

## <u>GENERAL DENIALS</u>

Any allegation in Plaintiff's FAC not specifically admitted above is hereby denied.  To the extent that the defined terms contained in the FAC constitute allegations, such allegations are denied.  To the extent that the headings contained in the FAC constitute allegations, such allegations are denied.  The FAC contains excerpts from and references to a number of documents and communications from Defendants.  Defendants deny any characterization of such documents and communications in the FAC and further deny that any limited quotations

accurately state the contents of the full documents and communications.  Defendants respectfully refer the Court to the original source or document for a complete and accurate statement of all the terms thereof.  Defendants expressly reserve their right to amend and/or supplement this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any of the allegations asserted therein or conceding that they bear any burden of proof on any issue that they otherwise would not bear, Defendants assert the following separate defenses to the FAC:

1.      Plaintiff's FAC fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred due to the disclosures contained in the PPM and Subscription Agreement.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

4.      Plaintiff's claims, and any recovery thereon, are barred in whole or in part due to after-acquired evidence.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, collateral estoppel, res judicata, laches, ratification, acquiescence, and/or unclean hands.

Defendants reserve the right to add, alter, and/or amend the Answer and its Defenses as may later become available and apparent to it and to withdraw any defenses that it determines to be inapplicable.

Date:   April 6, 2021

/s/ Robert J. Boller
Robert J. Boller
Julia R. Livingston
BARNES & THORNBURG LLP
445 Park Avenue, Suite 700
New York, New York 10022
(646) 746-2020 (telephone)
(646) 746-2001 (facsimile)
rboller@btlaw.com
jlivingston@btlaw.com

*Attorneys for Defendants Iterative Capital Management L.P., Iterative Capital GP, LLC, Brandon Buchanan and Christopher Dannen*

**<u>ERTIFICATE OF SERVICE</u>**

I hereby certify that on this 6th day of April, 2021, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Rika Khurdauyan
Khurdayan PLLC
60 Broad Street, 24th Floor
New York, NY 10004
rk@kstechlaw.com

/s/ Robert J. Boller_____