May 21, 2021

Honorable Victor Marerro
United State District Judge
Southern District of New York
500 Pearl Street, Suite 1610
New York, NY 10007

Re: *KDH Consulting Group, LLC v. Iterative Capital Management, L.P., et al*, 20-cv-3274

Dear Judge Marerro,

Pursuant to your Orders dated April 7, 2021 and April 28, 2021, the parties in the above-captioned action submit this joint letter and Case Management Plan, attached as Exhibit A.

### I. A BRIEF STATEMENT OF THE NATURE OF THE ACTION AND THE PRINCIPAL DEFENSES THERETO

A. <u>Plaintiff's Statement on the Nature of the Action</u>

Plaintiff KDH Consulting Group, LLC ("KDH" or "Plaintiff") brought this action to recover damages that Plaintiff sustained and continues to sustain as a result of Defendants fraudulent actions. In late 2017, Defendants induced Plaintiff to invest $1,000,000 in a cryptocurrency trading fund, Iterative Capital, L.P. ("Fund"), by misrepresenting the nature of the Fund, risks associated with investing in the Fund, prior performance history and liquidity options. At the time of soliciting investments in the Fund, individual defendants knew that the stated investment strategy was no longer a viable strategy, and, instead, planned to use Plaintiff's funds to build out highly illiquid mining operations. Individual defendants also failed to mention that, for the same very reason, they returned funds to investors from their previous fund. The Fund's offering documents were similarly misleading and failed to disclose primary investment objective and strategy, concealed prior performance history and the risks associated with investing in mining operations and, instead, described risks associated with ICOs and cryptocurrency trading.

Defendant Iterative Capital Management L.P. (the "Manager") is the investment manager of the Fund. Defendant Iterative Capital GP, LLC (the "General Partner") is the general partner of the Fund. Defendants Brandon Buchanan and Christopher Dannen are principals of of the Fund complex.

Almost two year later, Defendants informed KDH that "during Q1 2020, we will embark on an effort to convert the Fund complex from an investment fund structure to a corporate structure and consolidate it with our other flagship business," Iterative OTC. (FAC ¶ 21.) It was only on March 1, 2020 that Defendants provided disclosures actually relating to mining and therein admitted that mining is very different and much riskier than the investment objective contained in the Private Placement Memorandum.

As part of the restructuring, Defendants presented a take-it-or-leave-it offer to KDH and other investors highlighting three options: (1) sign an "exiting investor" consent approving the

restructuring and withdrawing from the Fund in exchange for a minor portion of KDH's investment based on the undisclosed value of the remaining assets after deduction of significant restructuring expenses; (2) sign a "continuing investor" consent approving restructuring and receiving a de minimis illiquid stake in Defendants' new mining operation based on the undisclosed value of the remaining assets after deduction of significant restructuring expenses; or (3) receive a pro rata share of the Fund's assets in-kind, such as digital assets and outdated mining equipment, minus shipping expenses and be forced out of the Fund Complex prior to restructuring.

On May 8th, 2020, Iterative notified KDH that its interest has been effectively redeemed from the Fund as of April 28, 2020 and that Plaintiff would be receiving in-kind distribution of the remaining capital account consisting of a basket of cryptocurrencies (including Bitcoin/BTC, Ethereum/ETH, Ethereum Classic/ETC and others) and 109 items of mining equipment. Upon information and belief, the Fund has been liquidated, yet Defendants continue to withhold Plaintiff's in-kind distribution until this day.

Upon information and belief, KDH's in-kind Fund liquidation proceeds, consisting of cryptocurrency and mining equipment, that is currently in Iterative's possession currently exceeds the value of KDH's initial investment in the Fund. The fact that Iterative continues to withhold KDH's proceeds exceeding the value of its investment does not demonstrate Iterative's readiness to any reasonable settlement.

B. The Factual And Legal Bases For Defendants' Defenses

Defendants have numerous factual and legal defenses to the sole remaining counts in this litigation, *i.e.*, that Defendants fraudulently induced KDH to invest in the Fund. For example, KDH alleges that Defendants secretly decided prior to launching the Fund to deviate from the investment strategy described in the PPM by abandoning cryptocurrency trading and focusing instead on cryptocurrency mining. This is demonstrably false. First, the Fund's Private Placement Memorandum made clear that the Fund would engage in cryptocurrency mining. Second, the Fund did own a significant amount of cryptocurrency, but the value of those assets decreased precipitously throughout 2018—along with the rest of the cryptocurrency market—which resulted in the mining equipment representing a greater portion of the portfolio's overall value on a relative basis. Similarly, KDH alleges that Defendants misrepresented the Fund's liquidity terms, but those terms were disclosed clearly in the Limited Partnership Agreement and KDH acknowledged in writing that it understood them. KDH's remaining allegations are similarly baseless and will not withstand the slightest scrutiny. Finally, the Court has previously ruled that it lacks jurisdiction to entertain claims related to the Fund's 2020 restructuring and the redemption of KDH's capital account. Accordingly, large portions of the First Amended Complaint and the majority of Plaintiff's Statement on the Nature of the Action are irrelevant.

II. **CONTEMPLATED MOTIONS**

Both KDH and Defendants may file motions for summary judgment at the close of discovery.

### III. PROSPECT FOR SETTLEMENT

Both parties are amenable to settlement discussions and would consent to a settlement conference with a magistrate judge. The parties have previously discussed settlement to no avail.

### IV. CONSENT TO MAGISTRATE JURISDICTION

The parties do not consent to proceed for all purposes before the Magistrate Judge designated for this action.

Respectfully submitted,

| | |
|---|---|
| Rika Khurdayan | Robert J. Boller |
| KHURDAYAN PLLC | Lawrence Gerschwer |
| 60 Broad Street, 24th Floor | Julia R. Livingston |
| New York, NY 10004 | BARNES & THORNBURG LLP |
| 917-210-1066 | 445 Park Ave Suite 700 |
| rika@kstechlaw.com | New York, NY 10022 |
| | 646-746-2020 |
| | rboller@btlaw.com |
| | lgerschwer@btlaw.com |
| | jlivingston@btlaw.com |

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
KDH Consulting Group LLC, directly and derivatively on :
behalf of ITERATIVE CAPITAL L.P., : 19-cv-3274 (VM)
:
Plaintiff, : **Case Management Order**
:
- against – :
:
ITERATIVE CAPITAL MANAGEMENT :
L.P., ITERATIVE CAPITAL GP, LLC, :
BRANDON BUCHANAN and :
CHRISTOPHER DANNEN, :
:
Defendants. :
---------------------------------------------------------------x

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16-26(f).

1. This case **(is)** to be tried to a jury.

2. Joinder of additional parties to be accomplished by: **July 1, 2021**.

3. Amended pleadings may be filed without leave of the Court until: **July 1, 2021**.

4. Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) to be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(D), specifically by not later than: **July 1, 2021**.

5. All <u>fact</u> discovery is to be completed either:

   a. Within one hundred twenty (120) days of the date of this Order, specifically by not later than **September __, 2021**.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

   a. Initial requests for production of documents to be served by: **June 21, 2021**.
   b. Initial interrogatories to be served by all parties by: **June 21, 2021**.

      c.      Depositions to be completed by: **September __, 2021**.
            i.     Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.
            ii.    Depositions of all parties shall proceed during the same time.
            iii.   Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

      d.     Any additional contemplated discovery activities and the anticipated completion date:

      e.     Requests to Admit to be served no later than: **July 30, 2021**.

7. All <u>expert</u> discovery (ordinarily conducted following the completion of fact discovery) including parties' expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b), is to be completed by:

      a.     Plaintiff: **[2 months from the end of fact discovery]**
      b.     Defendant: **[3 months from the end of fact discovery]**

8. Contemplated motions:

      a.     Plaintiff: motion for summary judgment after completion of discovery.
      b.     Defendant: motion for summary judgment after completion of discovery.

9. Following all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than:

10. Do all parties consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c)? No.

---

TO BE COMPLETED BY THE COURT:

11. The next Case Management Conference is scheduled for:

    In the event the case is to proceed to trial, a firm trial date and the deadline for submission of the Joint Pretrial Order and related documents shall be scheduled at the pretrial conference following either the completion of all discovery or the Court's ruling on any dispositive motion.

    The Joint Pretrial Order should be prepared in accordance with Judge Marrero's Individual Practices. If this action is to be tried before a jury, proposed voir dire and jury instructions shall be filed with the Joint Pretrial Order. No motion for summary judgment shall be served after the deadline fixed for the Joint Pretrial Order.

**SO ORDERED:**

DATED:   New York, New York
             _____, 2021

                                                          _____
                                                          VICTOR MARERRO,
                                                          U.S.D.J